Plaintiff's Name **Armando Abreu**
Inmate No. **H16924**
Address **Salinas Valley State Prison**
**P.O. Box 1050, #DS-117-L**
**Soledad, CA. 93960,**



**FILED**

MAY 23 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

**Armando Abreu,**
_____
(Name of Plaintiff)

1:16 CV _ 0 0 7 1 5 _ BAM PC
_____
(Case Number)

vs.

**COMPLAINT**

**G. Jaime, K. Hixon,**
**Garza, Lucas, John**
**Doe P. Sanchez, W.J.**
**Sullivan, T. Lee, M.**
**Voong, et al.,**
_____
_____
(Names of all Defendants)

Civil Rights Act, 42 U.S.C. § 1983 **for:**
**Declaratory Relief,**
**Monetary & Punitive Monetary**
**Damages; Jury Trial Demand;**
**Preliminary and/or TRO**
**Request Demand.**

I.  Previous Lawsuits (list all other previous or pending lawsuits on back of this form)

  A.   Have you brought any other lawsuits while a prisoner? Yes **X** No ___

  B.   If your answer to A is yes, how many? **(See: 9th Cir. Court of Appeals documents**
      Describe previous or pending lawsuits in the space below. **attached hereto)**
      (If more than one, use back of paper to continue outlining all lawsuits.)

      1.  Parties to this previous lawsuit:

      Plaintiff _____

      Defendants _____

**RECEIVED**

MAY 23 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

      2.  Court (if Federal Court, give name of District; if State Court, give name of County)
      _____

      3.  Docket Number _____   4.  Assigned Judge _____

      5.  Disposition  (For example: Was the case dismissed? Was it appealed? Is it still pending?)
      _____

      6.  Filing date (approx.) _____   7.  Disposition date (approx.) _____

II.    Exhaustion of Administrative Remedies

A.    Is there an inmate appeal or administrative remedy process available at your institution?

Yes **X**  No___

B.    Have you filed an appeal or grievance concerning <u>ALL</u> of the facts contained in this complaint?

Yes **X**  No___

If your answer is no, explain why not_____

_____

_____

_____

C.    Is the process completed?

Yes **X**        If your answer is yes, briefly explain what happened at each level.

_____

_____

No___        If your answer is no, explain why not.

_____

_____

_____

_____

NOTICE:    Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.". 42 U.S.C. § 1997e(a). If there is an inmate appeal or administrative remedy process available at your institution, you may not file an action under Section 1983, or any other federal law, until you have first completed (exhausted) the process available at your institution. You are required to complete (exhaust) the inmate appeal or administrative remedy process <u>before</u> filing suit, regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001); McKinney v. Carey, 311 F.3d 1198, 1999 (9th Cir. 2002). Even if you are seeking only money damages and the inmate appeal or administrative remedy process does not provide money, you <u>must</u> exhaust the process before filing suit. Booth, 532 U.S. at 734.

III.   Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position in the second blank, and his/her place of employment in the third blank. Use item B for the names, positions and places of employment of any additional defendants.)

A.    Defendant **G. Jaime** is employed as **Associate Warden** at **Kern Valley State Prison, he is sued in his individual and official capacities,**

2

B. Additional defendants K. Hixon, is employed as Captain at Kern Valley State Prison, he is sued in his individual and official capacities. Garza is employed as Counselor at Kern Valley State Prison, he is sued in his individual and official capacities. John Doe is employed at Kern Valley State Prison, he was a Case Representative CSR officer he is sued in his individual and official capacities. P. Sanchez is employed as Counselor at Kern Valley State Prison, he is sued in his individual and official capacities. W.J. Sullivan, is employed as Reviewing Authority at Kern Valley State Prison, he is sued in his individual and official capacities. T. Lee, is employed at Sacramento for CDCR, he is an Appeals Examiner, he is sued in his individual and official capacities. M. Voong, is employed as Chief of Appeals at Sacramento for CDCR, he is sued in his individual and official capacities.

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

On March 3rd, 2016, defendants S. Jaime, K. Hixon, Garza, Lucas referred me to be transfer to Salinas Valley State Prison 180 design eventhough I'm a 270 design and have a death contract upon me by the Security Threat Group prison gang 2-5, upon me, in violation of the 8th and 14th Amendments to the US Constitution, and on April 6th, 2016, John Doe CSR officer affirmed said referral. On February 19th, 2016, Defendant P. Sanchez reviewed the Plaintiff's administrative appeal and failed under CCR 15, Section 3270 to review the Plaintiff safety concerns, and on March 1st, 2016, Defendant W.J. Sullivan upheld P. Sanchez's wrongful review of Plaintiff's administrative appeal, On May 9th, 2016, Defendants T. Lee, and M. Voong, upheld the wrongful review of Plaintiff appeal, and on May 11th, 2016, Plaintiff was transferred to Salinas Valley State Prison 180 Knowing Plaintiff has a contract upon him by the Security Threat Group II "2-5," and, acted with wanton and malicious disregard and deliberate indifference towards Plaintiff life and safety at all times. (Berg v. Kincheloe, 9th Cir. 1986) 794 F.2d 457-59.

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

Plaintiff prays this Court to issue declaratory relief, monetary damages in the amounts of $1,000,000,000.00 dollars, $5,000,000,000.00 dollars, in monetary punitive damages, attorney fee's awards, out of pocket expenses, a preliminary and/or temporary restraining order ordering Plaintiff be housed in the Protective Housing Unit at CSP-Corcoran single cell with all of his property, and/or for all the Security Threat Groups prison gangs to be separated from the SNY inmates, because STG's are a threat to SNY, and PHU has no STG per CCR 15 3341.5, and its a violation of the Equal Protection Clause of the 14th Amendment to the US Constitution.

I declare under penalty of perjury that the foregoing is true and correct.

Date 5/17/16.     Signature of Plaintiff Armando Abrey.

(revised 6/01/04)

3

**E. REQUEST FOR RELIEF** OF PLAINTIFF'S CIVIL CONSTITUTIONAL RIGHTS:

I believe that I am entitled to the following specific relief:

Declaratory Relief as follows:

1). That Defendants G. Jaime, K. Hixon, Garza, Lucas, John Doe, P. Sanchez, W.T. Sullivan, T. Lee, and M. Voong, in unision, acted deliberately, maliciously, and sadistically, with wanton disregard towards Plaintiff's life and safety, in violation of the 8th and 14th Amendments to the United States Constitution. (Helling v. McKinney, (1993), 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22, Hoptowit v. Ray, (9th Cir. 1982), 682 F.2d 1237; Keenan v. Hall, (9th Cir. 1996), 83 F.3d 1083. Wilson v. Seiter, (1991), 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271, LeMaire v. Maass, (9th Cir. 1993), 12 F.3d 1444, 1451, Le Maire, supra, at p. 1451-52; Farmer v. Brennan, (1994), 511 U.S. 825, 838-39, 842-43; 114 S.Ct. 1970, 128 L.Ed.2d 811; Whitley v. Albers, (1986), 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.Ed.2d 251; Berg v. Kincheloe, (9th Cir. 1986), 794 F.2d 457, 459; Vosburg v. Solem (8th Cir. 1988), 845 F.2d 763; Gates v. Collier, (5th Cir. 1974), 501 F.2d 1291, 1308-10; Redman v. County of San Diego, (9th Cir. 1991), 942 F.2d 1435, 1441; Harris v. Roberts, (N.D. Cal. 1989) 719 F.Supp. 879-80; Lee v. Murphy, (9th Cir. 1988) 844 F.2d 628, 633).

2). That allowance of Security Threat Group II's in Sensitive Needs Yards where Sensitive Needs Yard inmates are housed for "protection", violates the Equal Protective Clause of the 14th Amendments amounting to Cruel & Unusual Punishment in violation of the 8th Amendment to US Constitution due to inmates housed in Protective Housing Unit (PHU), don't have Security Threat Group II's housed there per CCR 15, Section 3341.5, nor are allowed for security reasons, (Johnson v. California, (2005), 543 U.S. 499, 125 S.Ct. 1141; 160 L.Ed.2d 949).

May 17th, 2016.          _Armando Abreu._

_(Date)_                         _(Signature of Plaintiff)_

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

## THIRD LEVEL APPEAL DECISION

Date:  **MAY 0 9 2016**

In re:   Armando Abreu, H16924
Kern Valley State Prison
P.O. Box 6000
Delano, CA  93216

TLR Case No.: 1510853          Local Log No.: KVSP-16-00189

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner T. Lee, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position that Classification Committee members Associate Warden G. Jaime, Correctional Captain K. Hixon and Correctional Counselor II I. Garza violated his basic human needs, including reasonable safety. The appellant asserts Classification Committee has denied his professed safety concerns regarding the Security Threat Group (STG) II, 25ers. The appellant contends the STG II; 25ers have placed a "green light" on him. The appellant states he is no longer 270-design eligible and is inappropriately being placed out of level. The appellant requests to be provided with reasonable safety, to be transferred to a 270-design institution, for the Classification Committees to cease from displaying deliberate indifference towards his life, to place a restraining order if something is to happen and to be compensated $6,000,000,000.00.

**II   SECOND LEVEL'S DECISION:**   The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct. The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter. The inquiry included a review of the evidence and an evaluation of any interview conducted. In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures. The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy. The SLR found that the staff did not violate policy as alleged. The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:**   Appeal is denied.

**A.   FINDINGS:** Upon review of the documentation submitted, the Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff. The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant. The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action. In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant. The TLR reviewed the confidential inquiry and concurs with the determination of the SLR. The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process. The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed. Therefore, no further relief shall be afforded at the TLR.

The appellant indicated that the appeal was to be considered as an emergency. Following review of the issues, it was found not to have met the emergency criteria as described in California Code of Regulations, Title 15, Section (CCR) 3084.9(a). The appeal was processed as a routine matter.

ARMANDO ABREU, H16924
CASE NO. 1510853
PAGE 2

The appellant has added new issues and requests to his appeal. The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

**B. BASIS FOR THE DECISION:**
CCR: 3000, 3001, 3004, 3084.1, 3270, 3380, 3391

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the appellant may forward this issue to the California Victims Compensation and Government Claims Board, Government Claims Unit, P.O. Box 3035, Sacramento, CA 95812-3035, for further review.


T. LEE, Appeals Examiner
Office of Appeals

M. VOONG, Chief
Office of Appeals

cc:    Warden, KVSP
       Appeals Coordinator, KVSP

State of California                                                     Department of Corrections and Rehabilitation

# Memorandum

Date    :    February 22, 2016                                    $ASU1-142L$

To      :    ABREU, H16924
             STRH-142 KVSP

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # KVSP-O-16-00189 SECOND LEVEL
            RESPONSE**

APPEAL ISSUE:   You contend that Institutional Classification Committee (ICC)
members G. Jaime, K. Hixon, and I. Garza deprived you of your basic human needs by
denying and ignoring your self-professed safety concerns at Kern Valley State Prison
(KVSP) and you felt that the committee members failed to protect you.

All issues unrelated to the allegation of staff misconduct must be appealed
separately and will not be addressed in this response. You do not exhaust
administrative remedies on any unrelated issue not covered in this response or
concerning any staff member not identified by you in this complaint. If you are
unable to name all involved staff you may request assistance in establishing their
identity.

**DETERMINATION OF ISSUE**:   A review of the allegations of staff misconduct
presented in the written complaint has been completed.

Based upon this review your appeal is:

➢   Being processed as an Appeal Inquiry.

You were interviewed on February 19, 2016 by
Correctional Counselor II P. Sanchez. You had no additional information relative to
your appeal and did not request any witnesses. You indicated you wished to
proceed with the staff complaint.

**Your appeal is PARTIALLY GRANTED in that:**

➢   The **Appeal inquiry** is complete and all issues were adequately addressed.
Staff: **did** ☐ **did not** ☒ violate CDCR policy with respect to one or more of the
issues appealed.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.

- As such, the details of any inquiry will not be shared with staff, members of the public, or offender appellants.

- Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.  A variety of personnel actions may be initiated by the Department based upon the content of your complaint and the outcome of any investigation or inquiry conducted as a result of your complaint.

- Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/Third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

Print: P. Sanchez ___ Sign: _____ Date: 2/22/16
Interviewer

Print: W. J. Sullivan ___ Sign: _____ Date: 3-1-76
Reviewing Authority

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858  (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| Abrce | | 2/19/16 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| Abreu | | H-16924 / 2-19-16 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| F. Sanchez | F. | 2/19/16 |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

EMERGENCY APPEAL PER CCR SECTION 3084.9 (A)(B).

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 08/09)                                                                                    Side 1

DEPARTMENT OF CORRECTIONS AND REHABILITATION

| IAB USE ONLY | | |
|---|---|---|
| 1510853 [barcode] H16924 | Institution/Parole Region: | Log #: | Category: |

Institution/Parole Region: LVSP-0-16-00189
Category: 7 officer

*FOR STAFF USE ONLY*

You ~~may appeal any California Department of Corrections~~ and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available.  See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.          **WRITE, PRINT, or TYPE CLEARLY** in black or blue ink.

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| ABREU  ARMANDO | H16924 | ASUI #142-L | AIA/UNA |

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.): CRUEL & UNUSUAL PUNISHMENT, DUE PROCESS VIOLATIONS, 8TH&14TH AMENDS,

JAN 2 0 2016

**A.** Explain your issue (If you need more space, use Section A of the CDCR 602-A): This claim is against ICC members: G. JAIME, ADW, Captain K. Hixon, and CCI Garza for deprivations of a basic human needs and of the "minimal civi--lized measure of life's necessities" under Rhodes v. Chapman,

**B.** Action requested (If you need more space, use Section B of the CDCR 602-A): (1) provide [reasona--ble safety] which is a basic human need; (2) transfer me to a 270 design per CCR 15 Section 3375(i), (3) that ICC members stop displaying a "deliberate indifference" towards my life, my

Supporting Documents: Refer to CCR 3084.3.

[X] Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

See attached 22 Forms

[X] No, I have not attached any supporting documents. Reason: The captain was mandated by policy To give me A CDC 114D To no avail! CCI GARZA WAS mandated by policy To give me A 128G To no avail! I should not be REQUIRE To use The CDC 22 process To obtain The said.

Inmate/Parolee Signature: Armando Abreu                Date Submitted: 1-12-16

[ ] By placing my initials in this box, I waive my right to receive an interview.

INMATE APPEALS BRANCH

RECEIVED MAR 22 2016

1/20/16 Referred for later review

S/C

**C. First Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached?  [ ] Yes  [ ] No
This appeal has been:
[ ] Bypassed at the First Level of Review.  Go to Section E.
[ ] Rejected (See attached letter for instruction)  Date: _____  Date: _____  Date: _____
[ ] Cancelled (See attached letter)  Date: _____
[ ] Accepted at the First Level of Review.
   Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include interviewer's name, title, interview date, location, and complete the section below.
   Date of Interview: _____  Interview Location: _____
Your appeal issue is:  [ ] Granted  [ ] Granted in Part  [ ] Denied  [ ] Other: _____
   See attached letter.  If dissatisfied with First Level response, complete Section D.

Interviewer: _____  Title: _____  Signature: _____  Date completed: _____
           (Print Name)
Reviewer: _____  Title: _____  Signature: _____
           (Print Name)
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

**D. If you are dissatisfied with the First Level response**, explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response.  If you need more space, use Section D of the CDCR 602-A.

_BYPASS_

Inmate/Parolee Signature: _____    Date Submitted : _____

---

**E. Second Level - Staff Use Only**                                  Staff – Check One: Is CDCR 602-A Attached? ☑ Yes    ☐ No

This appeal has been:
☐ By-passed at Second Level of Review.  Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter)
☑ Accepted at the Second Level of Review.                                    DUE TO APPEALS
                                                                                                                2/25
Assigned to: 1st Complex    Title: _____    Date Assigned: JAN 22 2016    Date Due: 3/3/16

Second Level Responder:  Complete a Second Level response. If a Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.    2/19/16 P

Date of Interview: 2-16-16    Interview Location: ASU 1

Your appeal issue is: ☐ Granted    ☑ Granted in Part    ☐ Denied    ☐ Other: _____
+Sanchez    See attached letter. If dissatisfied with Second Level response, complete Section F below.    2/19/16

Interviewer: J. GARZA PS (Print Name)    Title: CC II (A)    Signature: _____    Date completed : 2-16-16

Reviewer: W.J. Sullivan (Print Name)    Title: CAN (A)    Signature: _____

Date received by AC: 3/2/16

| AC Use Only | |
|---|---|
| Date mailed/delivered to appellant | 3/2/16 |

---

**F.  If you are dissatisfied with the Second Level response**, explain reason below; attach supporting documents and submit by mail for Third Level Review.  It must be received within 30 calendar days of receipt of prior response.  Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001.  If you need more space, use Section F of the CDCR 602-A.

DISSATISFIED. MY 8TH, AND 14TH AMENDMENTS WERE VIOLATED
AND MY 1ST AMENDMENT FOR FILING THIS APPEAL. I WAS
DENIED NDS ON 3-3-16 AT ICC, AND PER DOM, GOV. CODE,
ETHICS' CODE, AND CIVIL AND PENAL CODES, CCI GARZA
HAS A MINISTERIAL DUTY TO UPHOLD THE LAWS ENTIRELY...

Inmate/Parolee Signature: Armando Flores.    Date Submitted: 3/15/16.

---

**G. Third Level - Staff Use Only**

This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____  Date: _____  Date: _____  Date: _____  Date: _____
☐ Cancelled (See attached letter) Date: _____
☑ Accepted at the Third Level of Review.  Your appeal issue is ☐ Granted    ☐ Granted in Part    ☑ Denied    ☐ Other: _____
    See attached Third Level response:

| Third Level Use Only | MAY 10 2016 |
|---|---|
| Date mailed/delivered to appellant | ___/___/___ |

---

**H. Request to Withdraw Appeal:**  I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____

_____

_____

_____ Inmate/Parolee Signature: _____    Date: _____

Print Staff Name: _____    Title: _____    Signature: _____    Date: _____

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| *1510 853* | KVSP-0-16-00189 | | 7 |
| | **FOR STAFF USE ONLY** | | |

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| ABREU ARMANDO | H16924 | ASU1 #142-L | A1A/UNA |

**A.  Continuation of CDCR 602, Section A only (Explain your issue)** 452 U.S. at p. 347, Wilson V. Seiter, 501 U.S. at p. 291 and Hoptowit V. Ray, (9th Cir. 1982) 682 F.2d 1237, 1246. Basic human needs include adequate food, clothing, shelter, sanitation, medi-cal and mental health care and "reasonable safety." I am being denied "reason-able safety." I have professed safety concerns if released to D-Yard or to C-Yard due to (S.T.G. 25 gang) if released to D-Yard or C-Yard due to (S.T.G. 25 gang) gang members. There is evidence and actual knowled-ge of a serious risk to my life and safety in the following forms; S.T.G 25 gang has placed a green light on me; I am no longer a 270 status inmate, and placing me in a level not consistent with my security level is deliberate indifference and wanton disregard towards my safety, (See: Farmer V. Brennan, 511 U.S. 825, (1994)) and it violates CCR Section 3375 (i), my 8th and 14 Amendments to the United States Constitution. The said ICC members have a legal, and ministerial duty in their official and individual capacities to protect my life, health, and safety, and to house me in a 270 design prison per CCR 15 Sec. 3375 (i), 3271, 3270, 3300, and 3380; My safety concerns are being ignored!

Inmate/Parolee Signature: *Armando Abreu*          Date Submitted: 1-12-16.

**B.  Continuation of CDCR 602, Section B only (Action requested):** health, and safety and stop violating CCR 15 Section 3084 (g), 3084.1 (d), the Code of Conduct (D.O.M), my 8th and 14th Amendments to the United States Constitution. In addition I want the amounts of $1,000,000,000.00 dollars in monetary damages, $5,000,000,000.00 dollars in monetary punitive damages, attorney fees awards, out-of-pocket expenses awards, a declaration of rights, a temporary restraining order and/ or a permanent protective order if something happens to me in any way, shape, or form.

Inmate/Parolee Signature: *Armando Abreu*          Date Submitted: 1-12-16.

Case 4:16-cv-02715-DMR   Document 1   Filed 05/23/16   Page 14 of 73

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Inmate/Parolee Signature: _____  Date Submitted: _____

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** AND NOT TO JEOPARDIZE MY LIFE. I SHOULD BE HOUSE IN A FACILITY CONMESURATE WITH MY SAFETY AND PROGRAM NEEDS WHERE NO STG ARE. CDCR HAS IGNORE CONTINOUSLY TO PLACE STG IN SPECIALIZED HOUSING PER CCR 15, SECTIONS 3023, 3378, 3378.1, 3378.2, 3378.3, 3378.4, 3378.8, SPECIALLY 33781.1 (c) (1) (2), AND THE 25 GANG OR STG HAS BECOME CDCR'S NEW WEAPON TO UTILIZE AGAINST SNY INMATES WHO ARENT STG, ARE SNY, AND FILE 602'S OR GRIEVANCESS AGAINST STAFF. CDCR Allows STG IN SNY TO DO AS PLEASE IN VIOLATION OF 3022, AND THE RIGHTS TO DUE PROCESS OF LAW, THE RIGHTS TO BE FREE FROM CRUEL AND UNUSUAL PUNISH-MENT, AND EQUAL PROTECTIVE CLAUSE OF THE 8TM & 14TM AMENDMENTS TO THE US CONSTITUTION. PER CCR 15, SEC. 3341.5 (a) PHV INMATES DONT HAVE TO DEAL WITH STG 15 (3341.5(a)(3). WHY DO I, AN SNY-INMATE WITH SNY STATUS HAVE TO BE HOUSE WITH STG IF IM NOT STG???

Inmate/Parolee Signature: Armando Abreu   Date Submitted: 3/15/16.

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| ABREU | ARMANDO | H16924 | Abreu Armando |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| ASU 1 # 142-L | AIA / UNA | | 8TH & 14TH AMENDMENT |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

On May 21th 2015, while at CSP-CAL I was told I had no enemies at HDSP or at KVSP. On December 22nd 2015 at last ICC at KVSP I was replaced in the CSR to be transfer to HDSP because I am a 270 and not a 180 inmate. On January 7th 2016, I was placed in ASU due to enemy concerns at KVSP and I dont want to go to IC-Yard nor D-Yard due to those same and exact safety concerns but I wish to remain in ASU pending transfer to HDSP 270 or any other 270 where I have no safety concerns. My life is in danger here at KVSP and I cannot function right. I request as stated.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) ☒ NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED

☒ SENT THROUGH MAIL: ADDRESSED TO: CCI GARZA KVSP ASU #1        DATE MAILED: 1/11/16

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| F. GEISENU | 1-11-16 | | (CIRCLE ONE) (YES) NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CCI GARZA | | (CIRCLE ONE) IN PERSON BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print) (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| ABREU | ARMANDO | HI6924 | Abren Armando |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM____ TO____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| ASU1 #142-L | AIA /UNA | | CODE OF CONDUCT 8TH & 14TH AMENDMENTS VIOLATIONS. |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

On Monday, January 11th 2015 CCT Garza and CCT John Doe approached my assigned cell and told me (Garza said) that I have no enemies here at KVSP C-Yard when in fact Moreno can a check on 1-7-16 and found HECTOR VILLASENOR in C-Yard and because I have problems with the 25 gang I cannot program safely in KVSP C-Yard. I'm NOT 180 but 270. This in violation of the Code of Conduct the Rights to Due Process and Equal Protective Clause, and Rights Against Cruel And Unusual Punishment of the 8th, and 14th Amendments and told me beforehand what you wish for when I told him to send me to HDSP or lot. So I sign a Chrono with GARZA to CONFIRM in writing my request in professional.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO-RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED**

☑ SENT THROUGH MAIL: ADDRESSED TO CCT GARZA                     DATE MAILED: 1/11/16

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| F. DESSEVO | 1-11-15 | | (CIRCLE ONE) **YES** NO |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| CC1 GARZA | | (CIRCLE ONE) IN PERSON **BY US MAIL** |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO ABREU ACEVES, AKA Armando Abreu,<br><br>          Plaintiff - Appellant,<br><br>v.<br><br>THE STATE OF CALIFORNIA,<br><br>          Defendant - Appellee. | No. 14-56329<br><br>D.C. No. 2:14-cv-03559-UA-DTB<br>Central District of California,<br>Los Angeles<br><br>ORDER |

The appellant's motion to file an oversized reply brief is granted. The reply

brief submitted on April 22, 2016, docket entry 68, shall be filed.

        For the Court:

        MOLLY C. DWYER
        Clerk of Court

        Grace Santos
        Deputy Clerk
        Ninth Circuit Rule 27-7/Advisory Note to Rule 27
          and Ninth Circuit 27-10

GS  04/25/2016/Pro Mo

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO ABREU ACEVES, AKA
Armando Abreu,

        Plaintiff - Appellant,

v.

THE STATE OF CALIFORNIA,

        Defendant - Appellee.

No. 14-56329

D.C. No. 2:14-cv-03559-UA-DTB
U.S. District Court for Central
California, Los Angeles

**ORDER**

The reply brief submitted on April 22, 2016 is filed.

Within 7 days of this order, appellant is ordered to file 7 copies of the brief
in paper format, with a gray cover, accompanied by certification (attached to the
end of each copy of the brief) that the brief is identical to the version submitted
electronically. A sample certificate is available on the Court's website,
www.ca9.uscourts.gov, at the Electronic Filing - ECF link.

The paper copies shall be printed from the PDF version of the brief created
from the word processing application, not from PACER or Appellate ECF.

The paper copies shall be submitted to the principal office of the Clerk. For
regular U.S. mail, the address is P.O. Box 193939, San Francisco, CA 94119-3939.
For overnight mail, the address is 95 Seventh Street, San Francisco, CA 94103-
1526.

FOR THE COURT:
Molly C. Dwyer
Clerk of Court

Liora Anis
Deputy Clerk

**PRO BONO**
**No. 14-56329**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARMANDO ABREU ACEVES, AKA Armando Abreu,

*Plaintiff-Appellant*,

*v.*

THE STATE OF CALIFORNIA,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Central District of California in Case No. 2:14-cv-03559

## APPELLANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF
## EXCEEDING THE WORD LIMITATION IN FED. R. APP. P. 32(a)(7)(B)(ii)

JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorney for Appellant Armando*
*Abreu Aceves, AKA Armando Abreu*

April 22, 2016

**APPELLANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF
EXCEEDING THE WORD LIMITATION IN FED. R. APP. P. 32(a)(7)(B)(ii)**

Appellant Armando Abreu Aceves respectfully moves for leave to file a reply brief containing 8,270 words. A declaration of counsel stating in detail the reasons for the motion and a copy of the proposed brief have been filed with this motion pursuant to Ninth Circuit Rule 32-2. Counsel for appellee California has indicated that California does not oppose this motion.

Respectfully submitted.

/s/ Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Attorney for Appellant Armando
Abreu Aceves, AKA Armando Abreu*

April 22, 2016

- 1 -

## SUPPORTING DECLARATION OF COUNSEL

I, Joshua M. Koppel, declare:

1.     I am pro bono counsel to appellant Armando Abreu Aceves.  I submit this declaration in support of the accompanying Motion for Leave to File a Reply Brief Exceeding the Word Limitation in Fed. R. App. P. 32(a)(7)(B)(ii).

2.     Aceves's proposed reply brief contains 8,270 words, excluding exempted portions.  The limit under Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) is 7,000 words.

3.     This is an appeal from the district court's denial of Aceves's application to proceed *in forma pauperis*.  This Court appointed pro bono counsel to represent Aceves and ordered briefing on whether the district court erred in determining that appellant was ineligible to proceed IFP because he had three prior strikes under 28 U.S.C. §1915(g).  Dkt. No. 15.  Pro bono counsel filed a supplemental opening brief addressing this issue that was significantly shorter than the limit imposed by Federal Rule of Appellate Procedure 32(a)(7)(B)(i).  Dkt. No. 32.

4.     After Aceves's supplemental opening brief had been filed, California moved to dismiss this appeal for lack of jurisdiction.  Dkt. No. 42.  This Court denied that motion without prejudice to California renewing the arguments in its answering brief.  Dkt. No. 49.  In addition to addressing the arguments made in

Aceves's supplemental opening brief, California's answering brief argued that (1) the district court lacked jurisdiction to resolve Aceves's IFP application, (2) this Court lacks appellate jurisdiction to review the district court's order, (3) issue preclusion bars Aceves from challenging the district court's three-strikes determination, and (4) four additional prior dismissals not considered by the district court constitute strikes under §1915(g) and warrant affirmance on alternative grounds. Dkt. No. 53. None of these issues was considered by the district court, and none was raised prior to the filing of Aceves's supplemental opening brief. In addition, California's answering brief and excerpts of record were accompanied by a 130-page request for judicial notice including filings from Aceves's prior cases. Accordingly, Aceves's reply brief must respond both to California's arguments on the issue this Court ordered briefed and the numerous new arguments California raises in its answering brief.

5.     Counsel has worked diligently to present Aceves's response and reply arguments as concisely as possible. Earlier drafts of Aceves's reply brief were far longer than the final version accompanying this motion. Further substantial reductions would jeopardize Aceves's ability to present his reply clearly and completely.

- 2 -

6.     I contacted California's counsel, Kevin Voth, regarding this motion on April 20 and 21, 2016.  Mr. Voth stated that California does not oppose this motion.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed on April 22, 2016, in Washington, DC.

/s/ Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1875 PENNSYLVANIA AVENUE NW
WASHINGTON, DC  20006
(202) 663-6000

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

April 22, 2016

**PRO BONO**
No. 14-56329

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ARMANDO ABREU ACEVES, AKA Armando Abreu,

*Plaintiff-Appellant*,

*v.*

THE STATE OF CALIFORNIA,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Central District of California in Case No. 2:14-cv-03559

## REPLY BRIEF FOR APPELLANT

JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000

*Attorney for Appellant Armando
Abreu Aceves, AKA Armando Abreu*

April 22, 2016

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................... iii

INTRODUCTION ....................................................................................1

ARGUMENT ...........................................................................................2

I.   THE COURT HAS JURISDICTION .......................................................2

    A.   A District Court May Resolve An IFP Application
        Without Regard To Its Subject-Matter Jurisdiction Over
        The Complaint ......................................................................3

    B.   This Court Has Appellate Jurisdiction To Review The
        Denial Of Aceves's IFP Application .....................................7

II.  ACEVES IS NOT PRECLUDED FROM LITIGATING HIS STATUS AS A
    THREE-STRIKE LITIGANT ..............................................................11

    A.   The District Court Did Not Grant Preclusive Effect To
        *Ramirez* ...............................................................................12

    B.   *Cate* Does Not Preclude This Court's Consideration Of
        Aceves's Three-Strikes Status .............................................13

III. THE DISTRICT COURT ERRED IN CONCLUDING THAT THE THREE
    PRIOR DISMISSALS IT IDENTIFIED CONSTITUTE STRIKES UNDER
    SECTION 1915(G) ............................................................................17

    A.   The District Court's Procedural Errors Require Reversal ..................18

    B.   The Dismissals Cited By The District Court Are Not
        Strikes ..................................................................................19

        1.   *Ayers I* is not a strike because the entire action was
            not dismissed on section 1915(g) grounds ...............................19

        2.   *Tweed* is not a strike because its dismissal rested on
            lack of standing ........................................................................22

3.  *Small* is not a strike because the action was not finally dismissed on section 1915(g) grounds ..........................24

IV.  CALIFORNIA'S ADDITIONAL CASES DO NOT WARRANT AFFIRMANCE ..................................................................................28

A.  This Court Should Not Consider Dismissals Cited For The First Time On Appeal ....................................................29

B.  The Cases California Cites Are Not Strikes........................................30

1.  *Ayers II* is not a strike because it was dismissed on jurisdictional grounds................................................30

2.  *County of San Diego* is not a strike because Aceves was improperly denied leave to amend his complaint................................................................31

3.  *O'Neill* and *Celedon* are not strikes because they were dismissed for failure to exhaust .......................................33

CONCLUSION ....................................................................................34

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

## TABLE OF AUTHORITIES

### CASES

Page(s)

*Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*,
  475 F.3d 1080 (9th Cir. 2007) .......................................................................... 16

*Allen v. Meyer*,
  755 F.3d 866 (9th Cir. 2014) ............................................................................ 11

*Andrews v. Cervantes*,
  493 F.3d 1047 (9th Cir. 2007) ............................................................................ 3

*Andrews v. King*,
  398 F.3d 1113 (9th Cir. 2005) .................................................................... *passim*

*B & B Hardware, Inc. v. Hargis Industries, Inc.*,
  135 S. Ct. 1293 (2015) ...................................................................................... 17

*Balistreri v. Pacifica Police Department*,
  901 F.2d 696 (9th Cir. 1990) .............................................................................. 7

*Ball v. Famiglio*,
  726 F.3d 448 (3d Cir. 2013) ............................................................................. 34

*Bates v. Union Oil Company of California*,
  944 F.2d 647 (9th Cir. 1991) ............................................................................ 14

*Blaisdell v. Frappiea*,
  729 F.3d 1237 (9th Cir. 2013) .......................................................................... 22

*Blonder-Tongue Laboratories, Inc. v. University of Illinois
  Foundation*,
  402 U.S. 313 (1971) .......................................................................................... 12

*Branson v. Nott*,
  62 F.3d 287 (9th Cir. 1995) ................................................................................ 4

*Buchheit v. Green*,
  705 F.3d 1157 (10th Cir. 2012) .......................................................................... 6

*Byrd v. Shannon,*
    715 F.3d 117 (3d Cir. 2013) ................................................................21

*Campbell v. Davenport Police Department,*
    471 F.3d 952 (8th Cir. 2006) ...............................................................7

*Castro v. United States,*
    540 U.S. 375 (2003)............................................................................9

*Christopher v. Harbury,*
    536 U.S. 403 (2002)..........................................................................23

*Clay v. Wilkerson,*
    331 F. App'x 286 (5th Cir. 2009) .........................................................5

*Coleman v. Tollefson,*
    135 S. Ct. 1759 (2015)......................................................................27

*Cooter & Gell v. Hartmarx Corp.,*
    496 U.S. 384 (1990)............................................................................3

*Ellingson v. Burlington Northern, Inc.,*
    653 F.2d 1327 (9th Cir. 1981) ..............................................................8

*Eureka Federal Savings & Loan Assocation v. American Casualty*
    *Company of Reading, Pennsylvania,*
    873 F.2d 229 (9th Cir. 1989) .............................................................14

*Foman v. Davis,*
    371 U.S. 178 (1962)............................................................................9

*Franklin v. Murphy,*
    745 F.2d 1221 (9th Cir. 1984) .............................................................6

*Haury v. Lemmon,*
    656 F.3d 521 (7th Cir. 2011) ......................................................21, 22

*Headwaters Inc. v. United States Forest Service,*
    399 F.3d 1047 (9th Cir. 2005) ...........................................................13

*Hoisington v. Williams,*
    499 F. App'x 693 (9th Cir. 2012)........................................................30

*In re Reynoso,*
    477 F.3d 1117 (9th Cir. 2007) ............................................................................14

*In re Tyler,*
    110 F.3d 528 (8th Cir. 1997) ........................................................................... 4-5

*Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,*
    456 U.S. 844 (1982)..........................................................................................30

*Jones v. Bock,*
    549 U.S. 199 (2007)..........................................................................................28

*Jones v. Edgar,*
    3 F. Supp. 2d 979 (C.D. Ill. 1998) ...................................................................21

*Kemper v. Colvin,*
    514 F. App'x 740 (10th Cir. 2013) ....................................................................5

*Kendall v. Visa U.S.A., Inc.,*
    518 F.3d 1042 (9th Cir. 2008) ..................................................................... 11-12

*Knapp v. Hogan,*
    738 F.3d 1106 (9th Cir. 2013) ...................................................................24, 27

*Lazy Oil Co. v. Witco Corp.,*
    166 F.3d 581 (3d Cir. 1999) .............................................................................11

*Lewis v. Casey,*
    518 U.S. 343 (1996)..........................................................................................22

*Lockman Foundation v. Evangelical Alliance Mission,*
    930 F.2d 764 (9th Cir. 1991) ..............................................................................7

*Lopez v. Smith,*
    160 F.3d 567 (9th Cir. 1998) ............................................................................32

*Lopez v. Smith,*
    203 F.3d 1122 (9th Cir. 2000) ....................................................................25, 32

*Mata v. Lynch,*
    135 S. Ct. 2150 (2015).........................................................................................8

*Mayfield v. Texas Department of Criminal Justice*,
    529 F.3d 599 (5th Cir. 2008) ................................................................21

*McGore v. Wrigglesworth*,
    114 F.3d 601 (6th Cir. 1997) ...........................................................4, 6

*Moore v. Maricopa County Sheriff's Office*,
    657 F.3d 890 (9th Cir. 2011) ..............................................19, 21, 28, 30

*Neal v. Dowling*,
    No. CV 412-217, 2012 WL 3637748 (S.D. Ga. Aug. 23, 2012).........................5

*Nevada Department of Corrections v. Greene*,
    648 F.3d 1014 (9th Cir. 2011) .....................................................22, 23

*O'Neal v. Price*,
    531 F.3d 1146 (9th Cir. 2008) ......................................................4, 25

*Porter v. Department of Treasury*,
    564 F.3d 176 (3d Cir. 2009) ................................................................4

*Powells v. Minnehaha County Sheriff Department*,
    198 F.3d 711 (8th Cir. 1999) ............................................................21

*Quillar v. Exarhos*,
    585 F. App'x 575 (9th Cir. 2014) ....................................................21

*Richey v. Dahne*,
    807 F.3d 1202 (9th Cir. 2015) ....................................24, 27, 28, 33

*Robi v. Five Platters, Inc.*,
    838 F.2d 318 (9th Cir. 1988) ....................................................12, 15

*Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*,
    317 F. App'x 135 (3d Cir. 2008) ........................................................5

*Sea Ranch Association v. California Coastal Zone Conservation Commissions*,
    537 F.2d 1058 (9th Cir. 1976) ............................................................9

*Serine v. Peterson*,
    989 F.2d 371 (9th Cir. 1993) ...........................................................10

*Southern Pacific Transportation Co. v. City of Los Angeles,*
  922 F.2d 498 (9th Cir. 1990) ................................................................................30

*Steel Co. v. Citizens for a Better Environment,*
  523 U.S. 83 (1998)................................................................................................23

*Stiltner v. Rhay,*
  322 F.2d 314 (9th Cir. 1963) .................................................................................6

*Taylor v. Hull,*
  538 F. App'x 734 (8th Cir. 2013)........................................................................21

*Thompson v. Drug Enforcement Administration,*
  492 F.3d 428 (D.C. Cir. 2007).......................................................................20, 21

*Thurman v. Gramley,*
  97 F.3d 185 (7th Cir. 1996) ...................................................................................5

*Tiedemann v. Church of Jesus Christ of Latter Day Saints,*
  631 F. App'x 629 (10th Cir. 2015)......................................................................25

*Tolbert v. Stevenson,*
  635 F.3d 646 (4th Cir. 2011) ..........................................................................21, 22

*Trevino v. Gates,*
  99 F.3d 911 (9th Cir. 1996) .................................................................................11

*Tripati v. Rison,*
  847 F.2d 548 (9th Cir. 1988) ..........................................................................10, 11

*Turley v. Gaetz,*
  625 F.3d 1005 (7th Cir. 2010) .............................................................................21

*United States v. Campbell,*
  279 F.3d 392 (6th Cir. 2002) .................................................................................8

*United States v. Depew,*
  210 F.3d 1061 (9th Cir. 2000) ...............................................................................9

*Webb v. Kaiser (Fremont),*
  No. 13-cv-4654, 2014 WL 1616412 (N.D. Cal. Apr. 21, 2014) ...........................5

*Williams v. Roberts,*
    116 F.3d 1126 (5th Cir. 1997) .................................................................4

*Williams v. Stake,*
    75 F. Supp. 3d 185 (D.D.C. 2014) ......................................................3

*Willy v. Coastal Corp.,*
    503 U.S. 131 (1992) ...........................................................................3, 4

*WMX Technologies, Inc. v. Miller,*
    104 F.3d 1133 (9th Cir. 1997) .......................................................25, 26

*Wyatt v. Terhune,*
    315 F.3d 1108 (9th Cir. 2003) ...........................................................34

## STATUTES AND RULES

28 U.S.C.
    § 1447 ...................................................................................................4
    § 1631 .................................................................................................11
    § 1915(a) ...........................................................................................3, 4
    § 1915(b) ...............................................................................................5
    § 1915(e) ...................................................................................4, 20, 25
    § 1915(g) ......................................................................................*passim*
    § 1915A ...............................................................................................4
    § 1919 ...................................................................................................3

Fed. R. App. P.
    Rule 3 ...................................................................................................7
    Rule 4 .................................................................................................10

Fed. R. Civ. P.
    Rule 54 ...............................................................................................20
    Rule 60 .................................................................................................9
    Rule 77 ...............................................................................................26

## DOCKETED CASES

*Abreu v. Ayers,*
    98-cv-3099-TEH (N.D. Cal.) ......................................... 19-22, 30, 31

*Abreu v. Ayers,*
    98-cv-3219-TEH (N.D. Cal.) ................................................... 30-31

*Abreu v. Braga,*
    09-cv-763-KJM-EFB (E.D. Cal.) ................................................................. 15-16

*Abreu v. Cate,*
    12-cv-6437-GAF-DTB (C.D. Cal.) ....................................................... 11, 13-17

*Abreu v. Celedon,*
    98-cv-3491-TEH (N.D. Cal.).......................................................................... 33-34

*Abreu v. O'Neill,*
    98-cv-3988-TEH (N.D. Cal.).......................................................................... 33-34

*Abreu v. Ramirez,*
    02-cv-4093-GAF-JWJ (C.D. Cal.).......................................................... 11, 12-16

*Abreu v. Small,*
    99-cv-2573-J-JFS (S.D. Cal.) .........................................................13, 14, 15, 16

*Abreu v. Small,*
    02-cv-685-IEG-NLS (S.D. Cal.).................................................. 13, 15, 16, 24-28

*Abreu v. Tweed,*
    98-cv-3605-TEH (N.D. Cal.).................................................................... 14, 22-24

*Aceves v. County of San Diego,*
    98-cv-787-JFS (S.D. Cal.) ............................................................................ 31-33

## OTHER AUTHORITIES

*Black's Law Dictionary* (10th ed. 2014)..................................................................20

*Restatement (Second) of Judgments* (1982)...........................................12, 14, 15, 16

Wright, Charles et al., *Federal Practice & Procedure* (2d ed.) ........................12, 16

## INTRODUCTION

The district court erred both procedurally and substantively in finding that Aceves has accrued three strikes under 28 U.S.C. §1915(g). Without this Court's review, that decision will effectively deny Aceves access to courts except in the most exigent circumstances. California raises numerous responses not considered by the district court. None, however, justifies affirmance.

California argues that the district court lacked jurisdiction to consider Aceves's application to proceed *in forma pauperis* (IFP) because his complaint was "constitutionally insubstantial." RB11-21.[1] But a court has authority to consider an IFP application—and, indeed, must resolve such an application—even if it lacks subject-matter jurisdiction over the merits of the action. California's argument that this Court lacks appellate jurisdiction is also meritless. RB21-26. Aceves's notice of appeal is properly construed as an appeal from the district court's order denying his IFP application.

California also argues that Aceves is collaterally estopped from contesting the three-strikes determination. RB26-35. The district court did not apply issue preclusion, however. And this Court should likewise deny preclusive effect to the decision California relies upon because that decision is clearly erroneous and

---

[1] "OB" refers to Aceves's supplemental opening brief. "RB" refers to California's response brief. "ER" refers to the excerpts of record appended to Aceves's opening brief. "RJN" refers to California's request for judicial notice.

inconsistent with prior determinations. This appeal raises important issues of law,
and the Court should take this opportunity to resolve those issues.

On the merits of the three-strikes determination, the district court's decision
should be reversed because the court failed to satisfy the procedural requirements
for such a determination and did not independently assess whether the prior
dismissals constitute strikes under §1915(g). Those dismissals do not qualify as
strikes. *Ayers* was a "mixed-dismissal"—which this Court does not treat as a
strike—because one of the two asserted claims was dismissed on a non-§1915(g)
ground. *Tweed* was dismissed for lack of standing, which is not a §1915(g)
ground. And *Small* was never actually dismissed with a final judgment.

California cites four other dismissals that the district court did not consider.
RB55-61. Even if this Court could consider those dismissals in the first instance,
however, California has failed to identify three dismissals barring IFP status. This
Court should reverse the district court's decision and remand for further
proceedings.

## ARGUMENT

## I. THE COURT HAS JURISDICTION

California argues that the district court lacked jurisdiction to consider
Aceves's IFP application and that this Court lacks appellate jurisdiction to review
the district court's decision. California is wrong on both points.

## A.  A District Court May Resolve An IFP Application Without Regard To Its Subject-Matter Jurisdiction Over The Complaint

The district court had authority to resolve Aceves's IFP application without determining whether the complaint he sought to file would invoke the court's subject-matter jurisdiction.  An IFP application presents a threshold procedural question "collateral to the merits" of the action. *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992); *see Andrews v. Cervantes* (*Andrews II*), 493 F.3d 1047, 1055 (9th Cir. 2007) ("[Section] 1915(g) concerns only a threshold procedural question— whether the filing fee must be paid upfront or later.").  An IFP request asks the court to "authorize the commencement" of an action without prepayment of the filing fee.  28 U.S.C. §1915(a).  Unless and until that application is granted, the action is not commenced, the complaint is not docketed, and no filings are accepted.  *See Williams v. Stake*, 75 F. Supp. 3d 185, 188 (D.D.C. 2014).  Here, Aceves's IFP complaint was simply "lodged."  *See* ER60 (May 8, 2014 entry).

Because it is collateral to the merits, an order granting or denying leave to proceed IFP "implicates no constitutional concern because it 'does not signify a district court's assessment of the legal merits of the complaint,'" and "therefore does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction." *Willy*, 503 U.S. at 138.  Just as a court "may award costs after an action is dismissed for want of jurisdiction," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); 28 U.S.C. §1919, a

- 3 -

court may resolve an IFP application—and thereby determine whether and how

such costs must be paid to the court—even when it may later decide it has no

jurisdiction over the claims alleged. *Cf.* 28 U.S.C. §1447(c) (order remanding case

to state court for lack of subject-matter jurisdiction may require payment of costs

and attorney's fees); *Branson v. Nott*, 62 F.3d 287, 293 (9th Cir. 1995) (court may

impose Rule 11 sanctions even if it lacks subject-matter jurisdiction over the

action).[2]

Moreover, a court *must* consider an IFP application even if it lacks

jurisdiction over the complaint. A litigant whose claims are dismissed for lack of

jurisdiction is not entitled to a refund of the filing fee. *Porter v. Department of*

*Treasury*, 564 F.3d 176, 179 (3d Cir. 2009); *Williams v. Roberts*, 116 F.3d 1126,

1128 (5th Cir. 1997). Similarly, an IFP prisoner whose complaint is reviewed and

dismissed under 28 U.S.C. §1915(e)(2) or §1915A must still pay the filing fee.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other*

*grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *In re Tyler*,

---

[2] California notes (RB18) this Court's holding that an action is "brought" within
the meaning of the PLRA when the complaint and IFP application are tendered to
the district court clerk. *See O'Neal v. Price*, 531 F.3d 1146, 1151-1152 (9th Cir.
2008). But the PLRA also contemplates that filing a complaint and IFP application
does not itself "commence" an action, but merely serves as a request for
authorization to commence an action without prepaying the filing fee. 28 U.S.C.
§1915(a). In any event, the IFP application is undoubtedly "collateral to the
merits," *Willy*, 503 U.S. at 137, even if it is considered after the action is
"brought."

110 F.3d 528, 529-530 (8th Cir. 1997); *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir. 1996), *overruled on other grounds by Walker v. O'Brien*, 216 F.3d 626, 628-629 (7th Cir. 2000). A prisoner is thus liable for the filing fee as soon as he submits a complaint, regardless of whether that complaint is later dismissed for lack of jurisdiction. And the district court must resolve the IFP application to determine whether that filing fee is due immediately or may be paid in installments. *See* 28 U.S.C. §1915(b).[3]

For this reason, courts regularly grant or deny IFP status at the same time that they dismiss an action or appeal for lack of jurisdiction—a procedure that would be impermissible under California's proposed rule. *See, e.g.*, *Kemper v. Colvin*, 514 F. App'x 740, 742 (10th Cir. 2013) (granting IFP motion and dismissing appeal for lack of jurisdiction); *Clay v. Wilkerson*, 331 F. App'x 286, 287 (5th Cir. 2009) (denying IFP motion and dismissing appeal for lack of jurisdiction); *Webb v. Kaiser (Fremont)*, 2014 WL 1616412, at *3 (N.D. Cal. Apr. 21, 2014) (granting IFP motion and dismissing complaint for lack of jurisdiction); *Neal v. Dowling*, 2012 WL 3637748 (S.D. Ga. Aug. 23, 2012) (same), *adopted*, 2012 WL 4551274, at *1 (S.D. Ga. Sept. 28, 2012); *cf. Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x 135, 138 (3d Cir. 2008) (on prior

---

[3] In the case of a non-prisoner IFP litigant, the court must similarly resolve an IFP application to determine whether the plaintiff is exempt from the filing fee altogether.

appeal, court had "addressed only the IFP issue, not the issue of subject matter jurisdiction").

California argues that "subject-matter jurisdiction cannot be ignored" because the PLRA requires a court to review IFP and certain prisoner complaints before docketing and dismiss claims that are frivolous or malicious or that fail to state a claim. RB17-18. But nothing requires that such screening be performed before the court considers the IFP application. *Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012). Indeed, this Court has stated that courts should *first* "grant[] or den[y] IFP status based on the plaintiff's financial resources alone *and then* independently determine[] whether to dismiss the complaint on the grounds that it is frivolous." *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.5 (9th Cir. 1984) (emphasis added); *Stiltner v. Rhay*, 322 F.2d 314, 317 (9th Cir. 1963); *see also, e.g.*, *McGore*, 114 F.3d at 608. And, as explained above, a court must resolve an IFP application to determine how the filing fee will be paid even when the complaint is dismissed prior to docketing.[4]

---

[4] California warns that permitting courts to consider §1915(g) issues before determining subject-matter jurisdiction would "encourag[e] three-strikes litigants to file frivolous lawsuits solely to obtain review of prior § 1915(g) findings." RB19-21. But a prisoner gains nothing from filing such a suit; even if it were determined that the prisoner did not have three prior strikes, dismissal of the new frivolous action would create a new strike.

- 6 -

If this Court reverses the district court's IFP determination, the district court

may review the complaint upon remand.  But nothing deprived the district court—

or now deprives this Court—of the power to resolve the IFP application before

considering the merits of the complaint.  *See Campbell v. Davenport Police Dep't*,

471 F.3d 952, 953 (8th Cir. 2006) (reversing three-strikes finding and remanding

"for the district court to conduct initial review of the complaint").[5]

### B.    This Court Has Appellate Jurisdiction To Review The Denial Of Aceves's IFP Application

This Court has repeatedly instructed that pro se litigants' filings should be

"liberally construed" "to ensure that pro se litigants do not lose their right to a

hearing on the merits of their claim due to ignorance of technical procedural

requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

1990).  In particular, the Court "liberally construe[s]" Federal Rule of Appellate

Procedure 3(c), and a "mistake in designating the judgment appealed from should

not bar appeal as long as the intent to appeal a specific judgment can be fairly

inferred." *Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772

(9th Cir. 1991) (internal quotation marks omitted).  Despite this admonition,

California reads Aceves's filings narrowly, arguing that he has lost his ability to

---

[5] On the other hand, if the district court in fact lacked authority to resolve the IFP application, the proper course would be to remand with instructions to vacate the three-strikes ruling. *See* Opp. to Mot. to Dismiss 7-8, Dkt. No. 45.

appeal. But Aceves's intent to appeal the denial of his IFP status is clear, and his notice was timely filed.[6]

1. Aceves's notice of appeal is properly construed as an appeal from the district court's orders of June 13 and 19, 2014 denying the IFP application. ER16-17; ER30; ER31-33. Although Aceves referenced the date of the magistrate judge's July 21 order in his notice of appeal, that order merely restated the basis for the earlier denial of IFP status. Indeed, due to a docketing error, *see* ER60 Dkt. No. 18 (June 13, 2014 order docketed on November 21, 2014 "due to Clerks Office error"), it is possible that the July 21 order was the first explanation Aceves received for the denial of his IFP application. Aceves's appeal was directed at the district judge's decision; that he attached the magistrate judge's reiteration of that decision does not deprive this Court of jurisdiction. *See Mata v. Lynch*, 135 S. Ct. 2150, 2156 (2015) ("If a litigant misbrands a motion, but could get relief under a different label, a court will often make the requisite change.").

_____

[6] California contends that Aceves has waived arguments in support of appellate jurisdiction by not presenting them in his opening brief. RB21 n.6. But California did not raise the issue until it moved to dismiss, *after* the opening brief was filed. An appellant's reply brief may "respond to arguments raised for the first time in appellee's brief." *United States v. Campbell*, 279 F.3d 392, 401 (6th Cir. 2002) (internal quotation marks omitted); *see Ellingson v. Burlington N., Inc.*, 653 F.2d 1327, 1332 (9th Cir. 1981), *superseded by rule on other grounds as stated in PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 859 n.3 (9th Cir. 2007).

- 8 -

Where it is unclear what order a litigant has appealed from or whether an appeal is timely, this Court "construe[s] any ambiguity in favor of saving the appeal." *United States v. Depew*, 210 F.3d 1061, 1065 (9th Cir. 2000). This Court should thus ignore the "legal label" that Aceves attached to his notice of appeal to "avoid an unnecessary dismissal" and "better correspond[]" "the substance" of that notice with "its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381-382 (2003); *Foman v. Davis*, 371 U.S. 178, 180-181 (1962) (appellate court should have construed notice of appeal from the denial of a motion to vacate the judgment as an attempt to appeal from underlying judgment).

When construed as an appeal of the June 13 and 19 orders, Aceves's notice of appeal was timely filed. Aceves's second request to proceed without prepayment of filing fees—filed on July 3, 2014, shortly after the district court's denial of Aceves's initial IFP application—is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). ER24-29; *see Castro*, 540 U.S. at 381-382; *Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976) (where "appellants requested relief which might have been granted under Fed.R.Civ.P. 59(e) … it should be treated as a Rule 59 motion"; "nomenclature is not controlling"). Therefore, Aceves's July 30, 2014 notice of appeal became effective once the

motion for reconsideration was denied by the district court on August 20, 2014. ER12-13; Fed. R. App. P. 4(a)(4)(B)(i).

2. Even if this Court construes Aceves's appeal as being from the magistrate judge's July 21, 2014 order, this Court still has appellate jurisdiction. Although this Court's precedent generally precludes it from hearing appeals taken from a magistrate judge's order issued without authority, *Serine v. Peterson*, 989 F.2d 371 (9th Cir. 1993), or a report and recommendation not yet adopted by the district court, *e.g.*, *Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988), those cases did not address situations where the district court had previously made a final ruling on the same issue addressed by the magistrate judge's order. Here, the district court first found Aceves ineligible to proceed IFP; the magistrate judge then denied an identical request, which order was again affirmed by the district court. ER8-9; ER19-20; ER30-33. This case thus presents a unique situation in which the district court issued undisputedly appealable orders both before and after the magistrate judge's order, resolving the same IFP issue in the same manner that the magistrate judge did. In such a situation, the magistrate judge's order simply effectuated the dispositive orders of the district court, and Aceves's appeal was proper.

3. California cannot claim any prejudice from Aceves's mistakenly identifying the magistrate judge's order in his notice of appeal. "[T]o decline jurisdiction ... would elevate a mere technicality above the important substantive

- 10 -

issues here involved[.]" *Lazy Oil Co. v. Witco Corp.*, 166 F.3d 581, 587 (3d Cir. 1999). Alternatively, the judgment below should be vacated and the case remanded to the district court to allow Aceves to cure any jurisdictional error so that the important issues now presented may be considered by this Court. *See* 28 U.S.C. §1631 (when a federal court lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer" the action to a court that has jurisdiction); *Allen v. Meyer*, 755 F.3d 866, 868-869 (9th Cir. 2014); *Tripati*, 847 F.2d at 549.

## II.   ACEVES IS NOT PRECLUDED FROM LITIGATING HIS STATUS AS A THREE-STRIKE LITIGANT

The prior determinations in *Abreu v. Ramirez*, 02-cv-4093-GAF-JWJ (C.D. Cal.), and *Abreu v. Cate*, 12-cv-6437-GAF-DTB (C.D. Cal.), do not preclude Aceves from appealing the three-strikes determination. *Cf.* RB26-35. The district court did not consider issue preclusion, and this Court should not give preclusive effect to a case cited for the first time on appeal that is plainly erroneous and inconsistent with other prior determinations.

Issue preclusion may prevent a party from relitigating an issue where (1) the issue raised is identical to one asserted in a prior litigation, (2) the issue was actually litigated in the prior action by the party against whom preclusion is asserted, and (3) the determination of the issue was a critical and necessary part of the earlier judgment. *Trevino v. Gates*, 99 F.3d 911, 923 (9th Cir. 1996). The burden is on the party seeking preclusion to establish these elements. *Kendall v.*

- 11 -

*Visa U.S.A., Inc.*, 518 F.3d 1042, 1050-1051 (9th Cir. 2008). Even where these

elements have been established, "the actual decision to apply [issue preclusion] is

left to the district court's discretion." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321

(9th Cir. 1988). Courts are more cautious in applying issue preclusion where—as

here—the preclusive effect of a prior determination is non-mutual. *Restatement*

*(Second) of Judgments* §29 (1982); 18A Wright, et al., *Federal Practice &*

*Procedure* §4465 (2d ed.); *see also Blonder-Tongue Labs, Inc. v. University of Ill.*

*Found.*, 402 U.S. 313, 333-334 (1971) (decision whether to apply non-mutual issue

preclusion "will necessarily rest on the trial courts' sense of justice and equity").

### A.    The District Court Did Not Grant Preclusive Effect To *Ramirez*

Contrary to California's contention (RB31-33), the district court did not give

preclusive effect to the 2004 order in *Ramirez*; at most, the court considered that

decision for its persuasive value. The court said only that "[i]n considering

plaintiff's IFP Application, the Court takes judicial notice of an order ... in the

case Abreu v. Ramirez ... revoking plaintiff's in forma pauperis status due to 'at

least three 'strikes' pursuant to section 1915(g).'" ER32 (footnote omitted). The

district court did not cite the standard for issue preclusion or conduct any

preclusion analysis. Indeed, the court also took judicial notice of the underlying

cases—*Ayers*, *Tweed*, and *Small*—suggesting that it was making its own §1915(g)

determination. ER32 & n.2.

Moreover, the district court did not give Aceves notice of or an opportunity to respond to any intent to apply issue preclusion *sua sponte*, as this Court has required. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1054-1055 & n.6 (9th Cir. 2005) (finding not "a single case in which this court has upheld a dismissal for claim or issue preclusion where the parties were not given any opportunity to be heard on the issue" in the trial court). Thus, even if the district court had rested its decision on issue preclusion—which it did not—that decision would require reversal. *See id.* at 1054-1057.[7]

### B. *Cate* Does Not Preclude This Court's Consideration Of Aceves's Three-Strikes Status

This Court should not grant preclusive effect to *Cate*, a case not mentioned by the district court or either party until California's response brief. As an initial matter, California has not established that *Cate* addressed the "identical" issue raised here. Contrary to California's assertion, *Cate* did not consider "whether the dismissals in *Ayers I*, *Small*, and *Tweed* constitute strikes." RB30. The magistrate judge's order in *Cate* instead identified orders in *Abreu v. Tweed*, 98-cv-3605-TEH (N.D. Cal.), *Abreu v. Small*, 99-cv-2573-J-JFS (S.D. Cal.), *Abreu v. Small*, 02-cv-

---

[7] This Court should not give *Ramirez* preclusive effect in the first instance for many of the same reasons it should not give *Cate* preclusive effect. *See infra* pp. 14-17. In particular, *Ramirez* was incorrectly decided, there is an inconsistent subsequent determination of the three-strikes issue, the relevant issue is one of law, and Aceves had a limited ability to litigate the issue in *Ramirez* due to his pro se status.

685-IEG-NLS (S.D. Cal.), and *Ramirez*. RJN2. Neither the district court below

nor California has ever suggested that *Small* (99-cv-2573) or *Ramirez* might

constitute a strike barring Aceves from filing IFP in this case. Thus, the issue

decided in *Cate* is not identical to the one presented here. Preclusion is therefore

inappropriate. *See In re Reynoso*, 477 F.3d 1117, 1123 (9th Cir. 2007) ("[A]ny

reasonable doubt as to what was decided by a prior judgment should be resolved

against giving it collateral estoppel effect[.]").

Even were the issues identical, however, this Court should exercise its

discretion not to apply preclusion for four reasons: (1) *Cate* is plainly erroneous,

(2) there is an inconsistent prior determination, (3) the relevant issue is one of law,

and (4) Aceves had a limited ability to litigate the issue in *Cate* effectively due to

his pro se prisoner status. *See Restatement (Second) of Judgments* §29.

First, *Cate* was incorrectly decided. *See Restatement (Second) of Judgments*

§29 cmt. j (courts may decline to apply issue preclusion where "the prior

determination was plainly wrong"); *cf. Eureka Fed. Sav. & Loan Ass'n v.*

*American Cas. Co. of Reading, Pa.*, 873 F.2d 229, 234 (9th Cir. 1989) (application

of collateral estoppel may be inappropriate when effect would be unfair, such as

when prior court "may have reached an erroneous conclusion"). Although the fact

that a prior decision reached an erroneous result does not bar a court from applying

preclusion, *see, e.g., Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 651 (9th Cir.

- 14 -

1991), it is a fact to which this Court should give great weight in exercising its discretion, particularly where (as here) several other factors also counsel against applying preclusion. *Cate*'s finding that *Small* (99-cv-2573) and *Ramirez* were strikes is clearly erroneous, and California does not argue otherwise. *Small* (99-cv-2573) was a habeas action (*see* RJN8), and "dismissed habeas petitions do not count as strikes under § 1915(g)," *Andrews v. King* (*Andrews I*), 398 F.3d 1113, 1122 (9th Cir. 2005). The *Ramirez* order that *Cate* cites was a district court order denying Aceves leave to file an appeal IFP. RJN2. Such an order does not constitute a strike; only the *dismissal* of an action or appeal can constitute a strike. 28 U.S.C. §1915(g).[8] And *Tweed* and *Small* (02-cv-685) are not strikes for the reasons explained in Aceves's opening brief (OB12-25, 31-35) and below (pp. 22-28). Accordingly, none of the cases cited in *Cate*—and certainly not three of them—created a strike under §1915(g).

Second, *Cate* is inconsistent with a prior determination of Aceves's three-strikes status. *See Restatement (Second) of Judgments* §29(4); *cf. Robi*, 838 F.2d at 329-330 (inconsistent judgments may render unfair the application of offensive issue preclusion). In *Abreu v. Braga*, 09-cv-763-KJM-EFB (E.D. Cal.), a

---

[8] Aceves also did not accrue a strike from the dismissal of *Ramirez. See* RJN59-61 (action dismissed for failure to pay filing fee); Copy of Appellate Court Order, *Ramirez*, No. 02-cv-4093 (N.D. Cal. Apr. 14, 2003), ECF No. 30 (appeal dismissed for lack of jurisdiction).

- 15 -

magistrate judge considered the same prior actions identified in *Cate* and

concluded that Aceves did not have three strikes. RJN111-116. In particular, the

judge concluded that *Small* (02-cv-685) was not a strike because the action was

never dismissed for failure to state a claim. RJN114; *see also* OB14-18; *infra* pp.

24-27. The magistrate judge also stated that *Small* (99-cv-2573) was not a strike

because it was a habeas action, RJN114 n.2, and discussed *Ramirez* but did not

count it as a strike, RJN113-115. The magistrate judge in *Braga* thus

recommended that the court deny the defendants' motion to revoke Aceves's IFP

status. Although the report and recommendation were never adopted by the court

because the action was voluntarily dismissed, the magistrate judge's determination

casts further doubt on *Cate*'s validity and highlights the need for this Court's

resolution of the issue.

Third, courts are properly hesitant to apply issue preclusion where, as here,

the issue is one of law such that redetermination of the issue imposes less of a

burden on the court. *See Af-Cap, Inc. v. Chevron Overseas (Congo) Ltd.*, 475 F.3d

1080, 1086 (9th Cir. 2007) ("[I]ssue preclusion has never been applied to issues of

law with the same rigor as to issues of fact[.]" (internal quotation marks omitted));

*Restatement (Second) of Judgments* §29(7); 18 Wright et al., *Federal Practice &*

*Procedure* §4425. There is no factual dispute here about the underlying dismissals

identified by the district court, and all relevant records have now been produced.

The question is simply what types of orders or dismissals count as strikes under §1915(g). That is an important legal question on which this Court specifically requested briefing, Dkt. No. 15, and that the Court should take this opportunity to resolve.

Finally, Aceves proceeded in *Cate* pro se, which undermines confidence in the court's determination of a complex issue. *Cf. B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1309 (2015) ("[R]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." (internal quotation marks omitted)). These factors counsel against this Court exercising its discretion to grant *Cate* preclusive effect in the first instance. The Court should reach the merits of the important questions of law presented.

## III. THE DISTRICT COURT ERRED IN CONCLUDING THAT THE THREE PRIOR DISMISSALS IT IDENTIFIED CONSTITUTE STRIKES UNDER SECTION 1915(G)

The district court erred procedurally and substantively in finding three strikes under §1915(g). The court failed to give Aceves the relevant records from the prior cases it identified and did not independently assess the basis for dismissal of those cases. Under the required analysis, none of the cases cited by the court constitutes a strike.

- 17 -

## A.    The District Court's Procedural Errors Require Reversal

Where a defendant asserts that a prisoner has accrued three strikes, the
defendant "must produce documentary evidence" of the asserted strikes so that the
plaintiff may review those records and make any available arguments in support of
his IFP application. *Andrews I*, 398 F.3d at 1120.  Indigent prisoners often will not
have copies of orders from prior lawsuits and cannot obtain relevant documents
directly from the court or through a third-party service.  The defendant's
production of those records is thus critical in enabling the prisoner to support his
application. *Id.* at 1119-1120.  Likewise, when the district court raised the
§1915(g) issue *sua sponte*, it should have provided Aceves with relevant records so
that Aceves would have a meaningful opportunity to respond.[9]

A district court must also "make[] an independent assessment" based on
relevant records of whether the prior cases were dismissed on §1915(g) grounds.
*Andrews I*, 398 F.3d at 1121.  The district court's conclusory statement here that
the three cited cases were dismissed "for failure to state a claim" (ER32 n.2) does
not demonstrate any independent assessment of those dismissals.  The court's

---

[9] California suggests that the district court complied with *Andrews I*'s procedural
requirements by taking judicial notice of the prior actions. RB39.  But a court's
mere reference to prior actions (*see* ER32 n.2)—without identifying the particular
orders of dismissal or sending relevant records to the prisoner—hardly enables a
litigant to prepare an argument on the three-strikes issue.

failure to conduct the required analysis is reversible error. *Andrews I*, 398 F.3d at 1121.

### B.     The Dismissals Cited By The District Court Are Not Strikes

#### 1.     *Ayers I* is not a strike because the entire action was not dismissed on section 1915(g) grounds

*Abreu v. Ayers* (*Ayers I*), 98-cv-3099-TEH (N.D. Cal.), is not a strike because that action was not dismissed entirely on grounds constituting a strike under §1915(g). California acknowledges that *Ayers I* involved "two distinct claims," one of which was dismissed "because of a jurisdictional defect (ripeness)." RB41. And although California notes that Aceves's assertion of jurisdiction was ultimately "meritless," it does not argue that it was frivolous. *Ayers I* is therefore a "mixed" dismissal, with one claim dismissed on a §1915(g) ground—failure to state a claim—and one claim dismissed on a non-§1915(g) ground—lack of jurisdiction. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-894 (9th Cir. 2011) (dismissal for lack of jurisdiction is not a strike). Such dismissals are not strikes.

A prisoner does not incur a strike when fewer than all asserted claims are dismissed on §1915(g) grounds. The three-strikes provision speaks of actions, not claims; only a dismissal of an entire action on the enumerated grounds qualifies as a strike. 28 U.S.C. §1915(g) (barring IFP status where "the prisoner has, on 3 or more prior occasions, … brought *an action* … that was dismissed on" enumerated

- 19 -

grounds (emphasis added)). An "action" is a "judicial proceeding," *Black's Law Dictionary* 35 (10th ed. 2014), that can involve multiple claims, *see* Fed. R. Civ. P. 54(b) (considering the entry of judgment "[w]hen an action presents more than one claim for relief"). Where a plaintiff brings two claims in a single lawsuit, it would be unnatural to refer to those claims as two separate "actions." Likewise, "it would make no sense to say—where one claim within an action is dismissed for failing to state a claim and another succeeds on the merits" or is dismissed on other grounds—"that the 'action' had been dismissed for failing to state a claim." *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007).

Other provisions of the PLRA support interpreting "action" synonymously with "suit" or "case" but not "claim." For example, §1915(e), provides that a court "shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim ...; or (iii) seeks monetary relief against a defendant who is immune from such relief." Congress must have intended the words "case" and "action" to have the same meaning; if "action" meant "claim," a court would have to dismiss an entire case if even one claim was frivolous or failed to state a claim.

This Court has therefore explained that where a prisoner's federal claims are dismissed for failure to state a claim and his state-law claims remanded to state court, the dismissal does "not satisfy the requirement under § 1915(g) that the

- 20 -

entire action be dismissed for failure to state a claim or as frivolous." *Quillar v. Exarhos*, 585 F. App'x 575, 576 (9th Cir. 2014). A large majority of the circuits to have considered the issue agree with that holding: "a strike is incurred for an action dismissed *in its entirety* on one or more of the three enumerated grounds." *Turley v. Gaetz*, 625 F.3d 1005, 1008-1009 (7th Cir. 2010); *see Byrd v. Shannon*, 715 F.3d 117, 125 (3d Cir. 2013) ("We agree with the majority of our sister courts of appeals that § 1915(g) requires that a prisoner's entire action or appeal be dismissed on enumerated grounds in order for the dismissal to count as a strike."); *see also Tolbert v. Stevenson*, 635 F.3d 646, 650-654 (4th Cir. 2011); *Mayfield v. Texas Dep't of Criminal Justice*, 529 F.3d 599, 617 (5th Cir. 2008); *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011); *Powells v. Minnehaha Cty. Sheriff Dep't*, 198 F.3d 711, 713 (8th Cir. 1999); *Taylor v. Hull*, 538 F. App'x 734, 735 (8th Cir. 2013); *Thompson*, 492 F.3d at 432, 440. The Sixth and Tenth Circuit cases California cites (RB42-43) are outliers.[10]

Requiring the dismissal of an entire action on §1915(g) grounds before counting the dismissal as a strike prevents the PLRA from "penalizing prisoners proceeding in good faith and with legitimate claims" that founder on complex jurisdictional rules. *Moore*, 657 F.3d at 893 (internal quotation marks omitted).

---

[10] California also cites *Jones v. Edgar*, 3 F. Supp. 2d 979 (C.D. Ill. 1998), but that case has been overruled in relevant part by *Turley* and *Haury*. RB41.

And contrary to California's suggestion, prisoners cannot evade §1915(g) by "appending a jurisdictionally defective claim to their otherwise strike-triggering complaint." RB45-46. If an assertion of jurisdiction is itself frivolous, dismissal for lack of jurisdiction could warrant a strike. *See Haury*, 656 F.3d at 523; *Tolbert*, 635 F.3d at 653. Here, however, there is no indication that the *Ayers I* court thought the deliberate-indifference claim or assertion of jurisdiction frivolous, and California does not argue that it was.

## 2. *Tweed* is not a strike because its dismissal rested on lack of standing

The district court dismissed *Abreu v. Tweed*, 98-cv-3605-TEH (N.D. Cal.), in which Aceves alleged a deprivation of his right of access to the courts, because the complaint "alleged no facts which indicate that he suffered an actual injury." ER51. The actual-injury requirement in an access-to-courts claim—as in any other claim—is "jurisdictional ... and may not be waived." *Nevada Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011); *see also Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996) ("The requirement that an inmate alleging [an access-to-courts claim] must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches."); *Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013). The defect in Aceves's complaint in *Tweed* thus meant he lacked standing to bring an access-to-courts claim, and the district court

- 22 -

lacked jurisdiction to hear the suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-101 (1998). The dismissal for failure to plead actual injury must therefore be treated as a jurisdictional dismissal, which is not a strike under §1915(g).

California fails to distinguish *Lewis* or to explain how the *Tweed* court could have had jurisdiction over Aceves's case. California argues that plaintiffs can establish actual injury in access-to-courts cases only by pleading a narrow set of facts. RB48-49. But even if true, that does not mean the requirement is not jurisdictional. California also contends that *Christopher v. Harbury*, 536 U.S. 403 (2002), "implicitly rejected" the jurisdictional holding of *Lewis*. RB49. But *Harbury*'s offhand statement that the plaintiff had not "stat[ed] a constitutional claim," 536 U.S. at 418, is merely an imprecise description of the legal effect of the plaintiff's failure to allege an injury-in-fact. As this Court subsequently confirmed, *Harbury* cannot be read as overturning or limiting *Lewis* or the extensive case law establishing that injury-in-fact is a jurisdictional requirement. *Greene*, 648 F.3d at 1018.[11]

---

[11] In light of the clear and binding precedent of the Supreme Court and this Court, California's citation (RB50) to three unpublished and nonprecedential decisions of this Court affirming the dismissal of access-to-courts claims for failure to state a claim is unpersuasive.

As Aceves's opening brief explained (OB34 n.10), and as California does not contest, the *Tweed* court's misleading statement that "plaintiff's allegations fail to state a cognizable claim for relief" is irrelevant. ER51. "[T]he procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A district court must undertake a "careful evaluation of the order dismissing an action, and other relevant information," and perform an "independent assessment" of the reasons for dismissal. *Id.*; *Andrews I*, 398 F.3d at 1121; *see also Richey v. Dahne*, 807 F.3d 1202, 1206-1207 (9th Cir. 2015) (declining to credit a dismissing court's determination that suit was frivolous). Upon performing that assessment, it is clear that *Tweed* was dismissed for lack of jurisdiction. Accordingly, it does not constitute a strike under §1915(g).

### 3. *Small* is not a strike because the action was not finally dismissed on section 1915(g) grounds

*Abreu v. Small*, 02-cv-685-IEG-NLS (S.D. Cal.), did not create a strike for two reasons: First, the action was never actually dismissed; only Aceves's complaint was dismissed with leave to amend. Second, Aceves's claims were not dismissed on grounds constituting a strike under §1915(g).

1. *Small* is not a strike because the court never entered a final judgment dismissing the action. Under the plain language of §1915(g), only the dismissal of an "action" or "appeal" constitutes a strike, not the dismissal of a complaint.

- 24 -

OB14-15. The *Small* court's order dismissing Aceves's complaint with leave to amend made clear that the court did not consider the action terminated, and that only a later order of dismissal—if premised on certain grounds—could create a strike. OB20-25; *see WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136-1137 (9th Cir. 1997) (en banc) ("[W]hen a district court expressly grants leave to amend, it is plain that the order is not final. Something more is both anticipated and required."). There was no such later order.

This Court's precedent confirms the plain reading of §1915(g). In *Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000) (en banc), this Court held that when a district court dismisses an IFP complaint for failure to state a claim under §1915(e)(2), the court retains discretion to grant leave to amend. The Court explained the deleterious effect of a contrary rule: "a prisoner *who is denied leave to amend* could waste some or all of his three strikes attempting to cure technical defects in an otherwise meritorious complaint." *Id.* at 1129 (emphasis added). The Court thus contemplated that dismissals *with* leave to amend would *not* constitute strikes. *Cf. Tiedemann v. Church of Jesus Christ of Latter Day Saints*, 631 F. App'x 629, 630-631 (10th Cir. 2015) (no strike incurred where court dismissed complaint with leave to amend and plaintiff voluntarily dismissed case).

California cites (RB52-53) *O'Neal v. Price*, 531 F.3d 1146, 1152 (9th Cir. 2008), which held that "the district court has 'dismissed' the prisoner's case for

- 25 -

purposes of §1915(g) when the court denies the prisoner's application to file [IFP] on the ground that the complaint is frivolous, malicious or fails to state a claim, and thereupon terminates the complaint." But even if that is true where the district court has *denied* leave to amend and thus finally resolved the action, it cannot be the case where the complaint is dismissed *with* leave to amend; in that situation something more is necessary to terminate the action, *see WMX Techs.*, 104 F.3d at 1136-1137.

California argues that the *Small* court "should have" entered a final judgment and that it "neglected to perform its ministerial duties in that regard." RB52. But the court undeniably did not enter that final judgment. *See* RB53 (the court's order "evinced the court's intent to dismiss the entire action *if Aceves failed to file a proper amended complaint*" (emphasis added)).[12] Nor could Aceves's subsequent failure to file an amended complaint somehow "consummate[]" the court's earlier dismissal of the complaint (RB54); indeed, California acknowledges that the dismissal never became a final judgment from which Aceves could appeal

---

[12] Although the clerk designated *Small* as "terminated" on the docket, California does not—and cannot—argue that the clerk's entry has any legal significance. The clerk cannot terminate an action of his own accord. *See* Fed. R. Civ. P. 77.

(RB53).  If the court's order was not a strike the day after it was entered, it cannot be a strike 14 years later.[13]

 2. *Small* also is not a strike because the court did not dismiss all asserted claims on grounds enumerated in §1915(g).  As explained above (pp. 19-22), to create a strike, the entire action—that is, all asserted claims—must be dismissed on §1915(g) grounds.  In *Small*, neither claim was dismissed on such grounds: Aceves's access-to-courts claim was dismissed for lack of "actual injury" (*i.e.*, standing), and his deliberate-indifference claim was dismissed for failure to exhaust administrative remedies.  OB20-22; ER47-48.

 The *Small* court stated that it was dismissing the access-to-courts claim for failure to state a claim.  RB54; ER48.  But a court's characterization of its own dismissal "is not dispositive" for three-strikes purposes.  *Knapp*, 738 F.3d at 1109; *see also Richey*, 807 F.3d at 1206-1207.  An "independent" and "careful evaluation" of the *Small* order, *Andrews I*, 398 F.3d at 1121, reveals that the claim was actually dismissed because "Plaintiff ha[d] not alleged facts sufficient to show that he ha[d] been *actually injured* by his failure to obtain access to the law

---

[13] California cites *Coleman v. Tollefson*, 135 S. Ct. 1759 (2015), for the proposition that a dismissal counts as a strike regardless of the availability of appellate review. RB53.  *Coleman* held that "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal."  135 S. Ct. at 1763.  But the Court did not suggest that a non-final dismissal—that is, a dismissal that cannot be appealed—can be a strike.

library." ER47-48 (emphasis added). As explained above (pp. 22-24), "actual

injury" is a component of standing, and a dismissal for lack of standing is not a

strike under §1915(g). *See Moore*, 657 F.3d at 893-894.

The *Small* court also noted that Aceves had "fail[ed] to allege in his

Complaint that he has exhausted all 'available' administrative remedies," and thus

dismissed Aceves's deliberate-indifference claim. ER46-48.[14] But the court did

not purport to dismiss the claim for failure to state a claim. Moreover, subsequent

to the court's order, the Supreme Court held that "failure to exhaust is an

affirmative defense under the PLRA, and that inmates are not required to specially

plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199,

216 (2007). Accordingly, any Rule 12(b)(6) dismissal on the basis of a failure to

exhaust was improper and cannot create a strike. *See Richey*, 807 F.3d at 1207-

1208 (dismissal for failure to exhaust was not a strike).[15]

## IV. CALIFORNIA'S ADDITIONAL CASES DO NOT WARRANT AFFIRMANCE

Faced with the clear error of the district court, California cites four

additional dismissals that it argues constitute strikes under §1915(g). This Court

---

[14] California says *Small* was "alternatively" dismissed for failure to exhaust.
RB54. But the court cited no other basis for dismissing the deliberate-indifference
claim.

[15] Even if dismissal for failure to exhaust could constitute a strike where that
failure is clear from the face of the complaint (*see* RB54), California cites no
evidence that *Small* was such a case.

should not consider those dismissals in the first instance. Even considering them, however, California has not identified three strikes.

### A. This Court Should Not Consider Dismissals Cited For The First Time On Appeal

Where the record is insufficient to determine whether the plaintiff may proceed IFP, this Court's practice is to "remand th[e] case to the district court so it can make the necessary determinations on the basis of a more complete factual record." *Andrews I*, 398 F.3d at 1121. To determine whether a dismissal constitutes a strike, a court must find facts regarding the prior proceedings, consider "the underlying court orders," and "independent[ly] assess[] ... whether the prior cases were frivolous or malicious or failed to state a claim." *Id.* These tasks are best left to district courts in the first instance.

Indeed, California has not provided this Court with all records necessary to determine whether the four new dismissals it cites are strikes, including the complaints from the prior actions. *See Andrews I*, 398 F.3d at 1120 (defendant has burden to "produce documentary evidence" establishing strikes). In at least one case, this failure has led California to argue that the dismissal rested in part on §1915(g) grounds when in fact the entire action was dismissed for lack of jurisdiction. *Infra* pp. 30-31.

On remand, California may move to revoke Aceves's IFP status based on these additional cases. But California may not seek affirmance of the district

- 29 -

court's decision on the basis of evidence not in that court's record. *See Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 857 n.19 (1982) (court of appeals should remand rather than take judicial notice to make its own factual determination); *Hoisington v. Williams*, 499 F. App'x 693, 695 (9th Cir. 2012) (declining to take judicial notice of facts not in record and remanding for district court consideration in first instance).

### B. The Cases California Cites Are Not Strikes

In any event, none of the newly cited cases is a strike under §1915(g).

#### 1. *Ayers II* is not a strike because it was dismissed on jurisdictional grounds

In *Abreu v. Ayers* (*Ayers II*), 98-cv-3219-TEH (N.D. Cal.), Aceves "expresse[d] concern for his safety while incarcerated at Pelican Bay State Prison" and sought "a temporary restraining order/preliminary injunction to prevent his release to the general [prison] population ... and to transfer him to another prison." RJN74-75. Referencing its decision in *Ayers I*, the court dismissed the action without prejudice because Aceves's "challenge to his anticipated placement remains premature." RJN75. The action was thus dismissed as unripe, a jurisdictional ground. *See Southern Pac. Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990) ("If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed."). Jurisdictional dismissals are not strikes under §1915(g). *Moore*, 657 F.3d at 893-894.

California contends that *Ayers II* was a mixed dismissal like *Ayers I*. RB56. Even if true, a mixed dismissal is not a strike. *Supra* pp. 19-22. But in any event, California is incorrect: the entire action was dismissed on jurisdictional grounds. The order of dismissal in *Ayers II* does not mention a deliberate-indifference claim "based on the cell-door incident" (RB56), except in describing the *Ayers I* complaint. RJN74-75; ER53-55. And although the order says that Aceves "allege[d] the same *facts*" as in *Ayers I*, the only *claim* it discusses is the premature claim regarding Aceves's future prison placement. RJN75 (emphasis added). Indeed, the full record—which California has not supplied to this Court—makes clear that *Ayers II* involved only a premature claim regarding Aceves's pending release into the general prison population; there was no backward-looking deliberate-indifference claim that could have been dismissed for failure to state a claim. *See* Mot. for TRO, *Ayers II* (N.D. Cal. Aug. 20, 1998). Thus, *Ayers II* did not involve the dismissal of *any* claim on a §1915(g) ground.

### 2. *County of San Diego* is not a strike because Aceves was improperly denied leave to amend his complaint

In *Aceves v. County of San Diego*, 98-cv-787-JFS (S.D. Cal.), Aceves brought §1983 claims arising out of an assault by other inmates that resulted in Aceves's hospitalization. The court dismissed the action for lack of proper service and failure to state a claim. The court explained that Aceves had failed to identify a specific policy or practice of the defendant that resulted in a constitutional

- 31 -

violation. RJN96-97; RJN100-101. The district court thought that Aceves's

complaint could be saved through amendment, however, and told Aceves how he

could plead his claims properly. RJN97, RJN100-101. Nevertheless, the district

court denied Aceves leave to amend, explaining that under "the Ninth Circuit's

new ruling in Lopez v. Smith, 160 F.3d 567 (9th Cir. 1998)," it was required to

dismiss the complaint *without* leave to amend. RJN104 & n.6.

In *Lopez*, a panel of this Court held that the PLRA precludes district courts

from allowing a pro se prisoner-litigant proceeding IFP to amend deficiencies in

his complaint. 160 F.3d at 571. After the dismissal in *County of San Diego*,

however, this Court withdrew the panel decision and reheard *Lopez* en banc. The

en banc Court held that a district court dismissing a prisoner IFP complaint retains

discretion to dismiss with leave to amend. *Lopez*, 203 F.3d at 1124. A contrary

rule could cause a prisoner to "waste some or all of his three strikes attempting to

cure technical defects in an otherwise meritorious complaint." *Id.* at 1129. If

*County of San Diego* counts as a strike, Aceves will suffer precisely that unfair

result.

The *County of San Diego* dismissal without leave to amend rested on a

since-withdrawn panel decision of this Court. If Aceves had been allowed to

amend his complaint—as this Court has since held would have been proper—his

claims might have survived a motion to dismiss. The district court certainly

- 32 -

thought it possible.  In these circumstances, the improper dismissal should not

count as a strike.

### 3. *O'Neill* and *Celedon* are not strikes because they were dismissed for failure to exhaust

The dismissals of *Abreu v. O'Neill*, 98-cv-3988-TEH (N.D. Cal.), and *Abreu v. Celedon*, 98-cv-3491-TEH (N.D. Cal.), are not strikes because both were dismissed for failure to exhaust administrative remedies.  RJN78-79; RJN82.  This Circuit's law is clear:  dismissal for failure to exhaust does not constitute a strike under §1915(g).  *Richey*, 807 F.3d at 1206-1208.

California contends that the dismissals should be treated as dismissals for failure to state a claim because a court may dismiss an action on that ground where a prisoner's failure to exhaust is clear from the face of the complaint.  RB57-58.  But this Court has never held that such a dismissal constitutes a strike.  Rather, *Richey* held that at least where the failure to exhaust is *not* clear from the face of the complaint, there can be no strike.  807 F.3d at 1207-1208.

In any event, the orders of dismissal in *O'Neill* and *Celedon* evince no intent to dismiss for failure to state a claim.  Those orders said only that the actions were dismissed "without prejudice for failure to exhaust administrative remedies." RJN78-79; RJN82-83.  Indeed, at the time those orders were issued, unexhausted claims were not subject to dismissal for failure to state a claim under Rule 12(b)(6), but rather were dismissed "subject to an unenumerated Rule 12(b)

motion," *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), *overruled by Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Moreover, even if the *O'Neill* and *Celedon* courts had intended to dismiss on such grounds, California's failure to produce the complaints from those cases prevents this Court from determining whether the courts "correctly determined that the exhaustion defense is apparent on the face of the complaint." *Ball v. Famiglio*, 726 F.3d 448, 460 (3d Cir. 2013).

## CONCLUSION

The district court's denial of Aceves's IFP application and subsequent dismissal should be reversed and this matter remanded for further proceedings.

Respectfully submitted.

/s/ Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC 20006
(202) 663-6000

*Attorney for Appellant Armando Abreu Aceves, AKA Armando Abreu*

April 22, 2016

- 34 -

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Ninth Circuit Rule 32-1, the undersigned hereby certifies that the attached reply brief is proportionally spaced, has a typeface of 14 points, and contains 8,270 words—exclusive of the exempted portions of the brief.  Pursuant to Ninth Circuit Rule 32-2, a motion to exceed the type-volume limitation has been filed concurrently with this brief.

/s/  Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Ave., NW
Washington, DC  20006
(202) 663-6000

*Attorney for Appellant Armando Abreu Aceves, AKA Armando Abreu*

April 22, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of April, 2016, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate CM/ECF system.  Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/  Joshua M. Koppel
JOSHUA M. KOPPEL
WILMER CUTLER PICKERING
   HALE AND DORR LLP
1875 Pennsylvania Ave. NW
Washington, DC  20006
(202) 663-6000

*Attorney for Appellant Armando*
*Abreu Aceves, AKA Armando Abreu*

April 22, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Armando Abreu,

v.                                    Case Number: _____

G. Jaime, et al,

PROOF OF SERVICE

I hereby certify that on _____May 17th, 2016_____, I served a copy

of the attached _Civil Rights Complaint 42 USC 1983_
_and exhibits attached thereto in the support thereof._
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter

listed, by depositing said envelope in the United States Mail at

_Salinas Valley State Prison_ :

(List Name and Address of Each
Defendant or Attorney Served)

United States District Court
Eastern District of California
Office of the Clerk of Court
#2500 Tulare Street, 1st Floor,
Fresno, CA. 93721-1321.

I declare under penalty of perjury that the foregoing is true and correct.

_Armando Abreu._

(Signature of Person Completing Service)