UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. JAIME, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-CV-00715-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE<br><br>(ECF No. 11) |

　　Plaintiff Armando Abreu ("Plaintiff") is state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's motion seeking the appointment of pro bono counsel. (ECF No. 11.) In Plaintiff's motion, he asserts that he has no physical access to the law library, and he has alerted prison officials to the issue and sought assistance. He further argues his case involves serious safety and gang issues, and that his claims are meritorious, complex, and of great magnitude. He notes his pro se status and need for pro bono assistance.

　　Plaintiff does not have a constitutional right to appointed counsel in this civil action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S. Ct. 1814, 1816 (1989). However, in certain exceptional

circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel (ECF No. 11) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **June 30, 2016**                       /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE