UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>G. JAIME, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-CV-00715-BAM (PC)<br><br>ORDER DIRECTING FILING OF LODGED SECOND AMENDED COMPLAINT<br><br>(ECF No. 19)<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM, WITH LEAVE TO AMEND<br><br>THIRTY (30) DAY DEADLINE |

Plaintiff Armando Abreu ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction. (ECF No. 2, 5.) Plaintiff's second amended complaint, authorized for filing by this order, is currently before the Court for screening. (ECF No. 19.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

1

from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Amendment to Complaint

Plaintiff filed this action on May 23, 2016. After being granted IFP status, Plaintiff filed a First Amended Complaint on June 20, 2016 (ECF No. 10.) A duplicate of the document filed in ECF No. 10, was again filed by Plaintiff on July 5, 2016, but erroneously was recorded on the Court's docket as a "Second Amended" Complaint. Thereafter, following resolution of Plaintiff's interlocutory appeal for denial of appointment of counsel (ECF No. 14, 17, 18), Plaintiff lodged a "Second Amended Complaint." (ECF No. 19.) The lodged "Second Amended Complaint" is in fact entitled "second amended complaint." The Court construes this document as a motion for leave to amend.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951. The "court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1438 (9th Cir. 1986).

Here, since plaintiff had already amended his pleading once, leave of court was necessary under Rule 15(a)(2) to amend once more. Thus, in order to amend his complaint, plaintiff was required to file a motion demonstrating that amendment is proper and lodge a copy of his proposed amended complaint with the court. Under Local Rule 137(c), "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules." E.D. Cal. Local Rule 137(c).

Here, the proposed Second Amended Complaint was lodged without a motion requesting leave of court. As stated, the Court will construe the lodging, in this instance, as a motion to amend and grants leave for the Second Amended Complaint to be filed and screened. Plaintiff is cautioned that any further amendment of his complaint, without express authorization by the court, will be stricken.

### III. Plaintiff's Allegations

The Court now turns to screening the Second Amended Complaint. Plaintiff is currently incarcerated at Salinas Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at Kern Valley State Prison and Salinas Valley State Prison. Plaintiff names the following defendants: Jerry Brown, Governor of California; Matthew Cate, Director of

Corrections; K. Hixon, correctional captain; I. Garza, correctional counselor; A. Lucas, correctional counselor; L. Repp, class staff representative; W.J Sullivan, appeal reviewer; P. Sanchez, correctional counselor; T. Lee, appeals examiner; M. Voong, Director Chief of Appeals; E. Perez, correctional counselor; P. Vera, Chief Deputy Warden; Martin Biter, Warden; A. Monarrez, classification staff representative; Kern County District Attorneys' office; John Doe district attorney; "Samantha" at the District Attorney's office; John Doe Institution Services Unit ("ISU") Lieutenant; S. Miranda, law librarian at Salinas Valley State Prison; D. Farmer, Vice Principal at Salinas State Valley Prison. Each person is sued in their individual and official capacities.

Plaintiff's Second Amended Complaint is filled with formulaic recitations of elements of various claims without much factual support. As best the Court is able to determine, Plaintiff alleges as follows. On March 1, 2016, W. J. Sullivan upheld defendant P. Sanchez's wrongful review of Plaintiff's appeal and it was a cover up by the Chief Deputy Warden. The wrongful review was upheld by T. Lee and M. Voong. Plaintiff was transferred to Salinas Valley State Prison ("SVSP") on March 11, 2016. Plaintiff alleges he had security threats at SVSP. Plaintiff alleges that all of the defendants acted with deliberate indifference because Plaintiff should be housed at Corcoran in special needs protective housing. Plaintiff alleges at Security Threat Groups I and II operate, roam, victimize, threaten, assault and murder in the sensitive needs yards. The acts violate his equal protection and in violation of Title 15 and these groups are receiving special favor by guards. Plaintiff alleges that defendants have failed to correct the security threat groups, or prison gangs, within the protective housing yards and plaintiff has not been housed properly since 1999. Plaintiff alleges he has been attacked in all the years. Plaintiff complains that his housing has led to the attacks.

Plaintiff alleges that he was retaliated against by defendants when he was transferred to Salinas Valley State Prison. He has filed many appeals against defendants while housed at Kern Valley State Prison. Plaintiff alleges, that prior to initial classification at Kern Valley State Prison, Defendant I. Garza and Defendant A. Lucas approached Plaintiff's cell and remarked in front of other inmates "why are you in here?" It was done sarcastically and in retaliation for all to hear.

4

Plaintiff alleges that his rights were denied when E. Perez and P. Vera denied Plaintiff's appeal, in which Plaintiff was requesting transfer to High Desert State Prion. Defendant A. Monarrez elected to keep Plaintiff at Kern Valley State Prion. Defendant G. Jaime and Defendant Martin Biter ignored Plaintiff's requests. Plaintiff provided information to the District Attorney's office involving the Security Threats Groups at the Kern Valley State Prison. Plaintiff was transported as a witness on a gang case but the District Attorney's office John and Jane Does have not given Plaintiff any witness protection. The housing Lieutenant John Doe at Kern Valley State Prison was made aware of Plaintiff's housing needs by District Attorney "Samantha" but housing Lieutenant John Doe has done nothing.

Plaintiff has been denied access to the law library at Salinas Valley State Prison by S. Miranda and by D. Framer.

Plaintiff seeks monetary dames of $1,000,000.00 and punitive damages of five billion dollars, declaratory relief, injunctive relief; be placed in protective housing, single celled, among other similar remedies.

### IV. **Deficiencies of Complaint**

**A. Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Plaintiff's complaint is not a plain statement of his claims showing that he is entitled to relief. The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Plaintiff fails to

5

include factual allegations describing what happened, when it happened and who was involved. Plaintiff's conclusory assertions that he was denied rights under the Eighth Amendment, Fourteenth Amendment and other similarly conclusory allegations are not sufficient.

**B. Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Plaintiff has failed to link each of the Defendants to any constitutional violations. Indeed, he does not attribute specific conduct to each defendant. The complaint lumps Defendants together and fails to distinguish adequately claims and alleged wrongs among Defendants. A plaintiff suing multiple defendants must allege the basis of his claim against each defendant to satisfy Rule 8(a)(2).

**C. Federal Rules of Civil Procedure 18, 20**

A party asserting a claim "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. However, multiple parties may be joined as defendants in one action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint *only if* the claims have similar factual backgrounds and have common issues of law or fact. Coughlin v. Rogers, 130 F.3d 1348, 1350–51 (9th Cir.1997).

Here, Plaintiff appears to bring claims against defendants at Kern Valley State Prison and against defendants at Salinas Valley State Prison for denial of law library access. Plaintiff may not do so. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). Plaintiff also seeks liability against the District Attorney's office and employees of that office. These claims also fail to meet the Rule 18 and 20 requirements as their purported liability arises from actions distinct from those of the other defendants.

**D. Supervisor Liability**

In general, Plaintiff may not hold a defendant liable solely based upon their supervisory positions. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

Plaintiff names various individuals as Defendants who hold supervisory level positions. However, Plaintiff is advised that a constitutional violation cannot be premised solely on the theory of respondeat superior, and Plaintiff must allege that the supervisory Defendants participated in or directed conduct associated with his claims. As explained below, liability under § 1983 cannot be premised upon processing appeals.

**E. Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.

1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

Plaintiff is attempting to assert a claim for retaliation in violation of the First Amendment because he was transferred to a different prison. Plaintiff's conclusory statement that he was transferred is insufficient to state a cognizable claim. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

**F. Official Capacity**

Here, Plaintiff alleges the individual defendants are sued in their official capacities, for monetary damages.

Plaintiff is advised that "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). However, "[a] state official in his or her official capacity, when sued for injunctive relief, [is] a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " Will v. Michigan Dep't of

State Police, 491 U.S. 58, 71 n.10 (1989). Also, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). Plaintiff does not state a cognizable claim against the individuals in their official capacities for monetary damages.

**G. Inmate Appeals**

Plaintiff complains about the processing and denials of his inmate appeals by Defendants. However, Plaintiff cannot pursue any claims against prison staff based solely on the processing and review of his inmate appeals.

The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

**H. Fourteenth Amendment**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).

To make an Equal Protection claim, an inmate must show that the prison treated him differently from a similarly situated class, raising an inference of discriminatory purpose. Shakur, 514 F.3d at 891; Rupe v. Cate, 688 F. Supp. 2d 1035, 1049 (E.D. Cal. 2010). In prison, an inmate's Equal Protection claim only succeeds where the prison's disparate treatment was not "reasonably related to

legitimate penological interests." Shakur, 514 F.3d at 891; see also Rupe, 688 F. Supp. 2d at 1049. Allegations of disparate treatment, however, cannot be merely conclusory; they must have some specificity and factual support. See Rouser, 630 F. Supp. 2d at 1200.

Plaintiff has failed to allege any facts showing he was intentionally treated differently from similarly situated inmates, that he is in a protected group, that each defendant had a discriminatory intent or that the complained of conduct was not reasonably related to legitimate penological interests.

## I. Eighth Amendment – Transfer/Housing

"[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). An inmate has no constitutional right, however, to enjoy a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum v. Fano, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (no liberty interest in placement in particular facility); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir.1993) (no Due Process right to be housed with compatible inmate); Bjorlin v. Hubbard, No. CIV S–09–1793 2010 WL 457685, *1 (E.D.Cal. Feb. 4, 2010) (same).

## J. Eighth Amendment – Failure to Protect

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's

safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

An assertion that Plaintiff may have been in fear of attack based upon race and/or gang affiliation does not subject Defendants to liability for failure to protect under the Eighth Amendment. Plaintiff has not identified any threat to his safety, other than generalized dangerous nature of prisons, and Plaintiff's allegations amount to nothing more than a generalized fear of harm, based upon sensitive needs, which fails to state a cognizable claim for relief. See, e.g., Funk v. Schriro, No. CV 08–0739–PHX–GMS (JCG), 2009 WL 4898262, at *7 (D. Ariz. Dec. 14, 2009) (plaintiff's claim that he was forced to endure "constant threat of violence" "too general and conclusory" to make objective showing of substantial risk of harm); Hoptowit v. Ray, 682 F.2d 1237, 1256 (9th Cir. 1982) ("[M]isclassification does not itself inflict pain within the meaning of the Eighth Amendment."), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Indeed, the Ninth Circuit has held that even housing inmates of opposite gangs in the same cell, does not alone, state a claim under the Eighth Amendment. See Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1161 (9th Cir. 2013) (although Plaintiff held subjective fear for his safety, there was no specific information from which Defendants could draw an inference that plaintiff was exposed to a specific threat).

Plaintiff's conclusory allegations do not provide facts by which the Court can infer that any named defendant was aware that Plaintiff was at a risk of harm and failed to adequately respond. Plaintiff alleges that Defendant I. Garza and Defendant A. Lucas approached Plaintiff's cell and remarked in front of other inmates "why are you in here?," and said it sarcastically. This allegation does not allege that this question resulted in a serious risk of harm and how that harm was known to the prison guard.

**K. Doe Defendants**

Plaintiff names DOES defendants.

Generally, the use of Doe defendants is disfavored in federal court. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). The Court cannot order the Marshal to serve process on any Doe defendants until such defendants

have been identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D. Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity to identify unknown defendants through discovery prior to service. Id. (plaintiff must be afforded an opportunity to identify unknown defendants through discovery unless it is clear that discovery would not uncover their identities). However, in order to proceed to discovery, Plaintiff must first state a cognizable claim. Additionally, Plaintiff must distinguish between Doe defendants by, for example, referring to them as "John Doe 2," "John Doe 3," and so on, and describe what each did or failed to do to violate Plaintiff's rights. See Ingram v. Brewer, No. 1:07-cv-00176-OWW-DLB, 2009 WL 89189 (E.D. Cal. January 12, 2009) ("In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.").

**L. Prosecutorial Immunity**

Plaintiff is advised, that as a general proposition, prosecutors are immune from liability under 42 U.S.C. § 1983 for actions taken in their official capacity. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. Of Med., 363 F.3d 916, 922 (9th Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986)(holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431).

**M. State Law Claims**

Plaintiff is advised that to bring a tort claim under California law, Plaintiff must allege compliance with the California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v.

Superior Court (Bodde), 32 Cal.4th 1234, 1240 (2004).  Here, Plaintiff has not alleged a cognizable federal claim and has not alleged compliance with the CTCA.

## V. Conclusion and Order

Plaintiff's second amended complaint fails to state any cognizable claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff must state what the Defendants did that deprived the Plaintiff of his constitutional rights. Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised of the general rule that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, the Court HEREBY ORDERS that:

1. The Clerk's Office shall send to Plaintiff a complaint form;
2. The Clerk of Court is directed to lodge the Second Amended Complaint (ECF No. 19) nunc pro tunc;
3. Plaintiff's complaint, (ECF No. 19), is dismissed for the failure to state a cognizable claim upon which relief may be granted, with leave to amend;
4. Within **thirty (30) days** of service of this order, Plaintiff shall file a third amended complaint or a notice of voluntary dismissal; and

////
////
////
////

13

5. **Plaintiff's failure to comply with this order will result in dismissal of this action for failure to state a claim upon which relief may be granted, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated: __June 6, 2017__                    /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE