# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ABREU,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. JAIME, et al.,<br><br>　　　　　Defendants. | Case No.: 1:16-CV-00715-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN (14) DAY DEADLINE<br><br>(ECF No. 29) |

Plaintiff Armando Abreu ("Plaintiff") is state prisoner proceeding pro se and in forma pauperis in this action pursuant to 42 U.S.C. § 1983. Plaintiff's fourth amended complaint, filed on October 19, 2017, is currently before the Court for screening. (ECF No. 29.)

**I.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently incarcerated at Salinas Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was incarcerated at Kern Valley State Prison ("KVSP"). Plaintiff names the following defendants: G. Jaime, Associate Warden; K. Hixon, correctional captain; I. Garza, correctional counselor; A. Lucas, correctional counselor; and L. Repp, class staff representative.

Plaintiff alleges as follows. On June 6, 2015, Plaintiff was included into the Mental Health Services Delivery System for retaliation for having exercised his right to appeal harassment and denial of his Muslim prayers and sexual misconduct of prison officials at Calipatria State Prison. Plaintiff was then transferred to KVSP, where valley fever abounded so that Plaintiff's health would be jeopardized. He was transferred during Ramadan in violation of his Freedom of Religion and in

2

retaliation for filing appeals at Calipatria. Plaintiff was transferred in retaliation for grievances he filed against officers for sex play against Plaintiff at Calipatria.

Plaintiff notified Warden Biter that Plaintiff was transferred in retaliation and was denied Sahur meal in retaliation, but Defendant Jaime responded rather than Warden Biter. Plaintiff filed an appeal on July 20, 2015 alleging Eighth and Fourteenth Amendment violation for his housing in a valley fever area and requesting a transfer to a "270" design facility and not a "180" design facility. S. Rimbach denied his appeal at the second level. Plaintiff then filed a second appeal alleging that defendant Jaime's response was a violation of his religious freedom – he was denied his Sahur meals during Ramadan and he was transferred to a 180 design facility. His appeal was denied at the third level.

Plaintiff was placed in Administrative Segregation due to safety concerns with the security threat gang (STG II) – the 2-5 gang at Facility D at KVSP. Classification Committee members G. Jaime, K. Hixon, I. Garza and A. Lucas attempted to release Plaintiff back to Facility C or D in spite of Plaintiff's enemy concerns in retaliation for Plaintiff filing an administrative appeal against the committee members on January 12, 2016. On March 3, 2016, these Classification Committee members G. Jaime, K. Hixon, I. Garza and A. Lucas transferred Plaintiff to Salinas Valley State Prison. There is no penological reason for housing Plaintiff in a 180 designed custody housing facility. Plaintiff alleges that there is a security threat to him from the STG II due to Plaintiff's assisting the Kern County D.A. in a case against the 2-5 gang. On April 6, 2016, defendant L. Repp approved the decision of Classification Committee members G. Jaime, K. Hixon, I. Garza and A. Lucas to transfer Plaintiff to Salinas Valley State Prison rather than to protective housing unit at Corcoran State Prison. Once Plaintiff arrived at Salinas Valley State Prison, Plaintiff filed an emergency appeal but it was cancelled. Plaintiff alleges that "Kern Valley State Prison knew Salinas Valley State Prison" is infected with STG II 2-5 gang members making it unsafe for Plaintiff.

Plaintiff seeks monetary damages of $7,000,000.00 and punitive damages of five billion dollars.

///

///

3

### III. Deficiencies of Complaint

#### A. Eighth Amendment – Failure to Protect

While the Eighth Amendment requires prison officials to provide prisoners with the basic human needs, including reasonable safety, it does not require that the prisoners be comfortable and provided with every amenity." Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982). A housing assignment may be "restrictive and even harsh," but will not violate the Eighth Amendment unless it "either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment." Rhodes v. Chapman, 452 U.S. 337, 348–349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981) (finding inmates had no constitutional right to be housed in single cells). Only where prison officials knew or should have known that a housing assignment posed an excessive risk to an inmate's safety will placement with a particular inmate have constitutional implications. Estate of Ford v. Ramirez–Palmer, 301 F.3d 1043, 1050 (9th Cir.2002).

An assertion that Plaintiff may have been in fear of attack based upon race and/or gang affiliation does not subject Defendants to liability for failure to protect under the Eighth Amendment. Plaintiff alleges that there was a death threat on him from the STG II gang because Plaintiff had provided information as part of a criminal case. Plaintiff alleges that the STG II gang was at both the institution he was in, KVSP, and the institution he was transferred to, Salinas Valley State Prison. Plaintiff's allegations are not sufficient to state an Eighth Amendment claim against defendants G. Jaime, K. Hixon, I. Garza, A. Lucas, and L. Repp. The mere fact that defendants on the ICC classification committee transferred Plaintiff to Salinas State Prison, even while knowing that Plaintiff's enemies were also housed at Salinas State Prison, does not show that defendants acted with deliberate indifference. Plaintiff alleges that "Kern Valley State Prison knew Salinas Valley State Prison" is infected with STG II 2-5 gang members making it unsafe for Plaintiff, but fails to allege that the individual defendants knew about gang members a Salinas Valley State Prison. Regardless, the Court need not accept conclusory allegations as true. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

It is not unconstitutional for an inmate and his enemies to be housed at the same correctional facility. Measures can be taken to separate an inmate and his enemies, eliminating the risk of harm. Further, Plaintiff fails to state a claim against Defendant L. Repp for failure to protect. L. Repp approved the recommendation to move Plaintiff, but Plaintiff fails to allege that L. Repp had any knowledge of Plaintiff's security concerns.

In addition, as Plaintiff seems to allege that he should have been housed in protective custody, and since he was not, such misclassification was deliberately indifferent to the risk of harm from the STG II gang. Plaintiff complains that he was not moved into "protective custody" and that he should have been in a 270 design facility and not a 180 design facility. Plaintiff does not have a constitutional right to any particular classification. The Constitution does not require that plaintiff be placed in "protective custody," only that the defendants take reasonably available measures to abate a substantial the risk of harm. See Myron v. Terhune, 476 F.3d 716, 719 (9th Cir.2007) (rejecting an Eighth Amendment claim based on alleged improper classification to a Level IV prison because "the mere act of classification" does not amount to the infliction of pain); see also Hall v. Tilton, No. C 07–3233 RMW (PR), 2010 WL 2629914 at *4 (N.D. Cal. June 29, 2010) (rejecting a prisoner's claim that retaining him in a Level III facility when he was a Level II inmate violated his rights under the Eighth Amendment), aff'd 530 Fed. Appx. 690 (9th Cir. 2013).

As Plaintiff has been previously informed, an inmate has no constitutional right a particular security classification or housing. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment endows prisoners with a right to be housed in a particular part of the prison or with a particular inmate. See Meachum v. Fano, 427 U.S. 215, 224–25, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (no liberty interest in placement in particular facility); Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir.1993) (no Due Process right to be housed with compatible inmate); Bjorlin v. Hubbard, No. CIV S–09–1793 2010 WL 457685, *1 (E.D.Cal. Feb. 4, 2010) (same).

Plaintiff mentions that he was transferred to KVSP where "valley fever abounds." But this conclusory allegation fails state a claim for failure to protect.[1] This Court proceeds on the presumption that, plaintiff means to allege that Defendants knew of but were deliberately indifferent to a substantial risk that Plaintiff would contract Valley Fever if housed at KVSP. See Allen v. Kramer, No. 15–cv–01609–DAD–MJS, 2016 WL 4613360, at *6 (E.D. Cal. Aug. 17, 2016) ("Plaintiff has a right to be free from exposure to an environmental hazard that poses an unreasonable risk of serious damage to his health whether because the levels of that environmental hazard are too high for anyone or because Plaintiff has a particular susceptibility) (relying on Helling v. McKinney, 509 U.S. 25, 33–35 (1993)), findings and recommendations adopted, Order Adopting, Allen v. Kramer, No. 15–cv–01609–DAD–MJS, E.D. Cal. Nov. 23, 2016, ECF No. 13.

Plaintiff has failed to allege any fact which could remotely state a claim. Plaintiff must allege facts (not mere assumption or speculation) reflecting that each Defendant was aware that Plaintiff, due to his race or other personal characteristic, was at high risk of contracting Valley Fever; that KVSP was situated and managed so as to expose its inmates to excessively high or dangerous levels of cocci fungus spores; that each Defendant could have but failed to take available steps to protect Plaintiff from the spores; and that the result was that Plaintiff did in fact contract Valley Fever or suffer some other cognizable harm. Plaintiff's throw away allegation, that "valley fever abounds" does not state a claim for failure to protect and does not warrant leave to amend.

### B. Retaliation

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

---

[1] In previous screening orders, Plaintiff was cautioned that he could not add or change the allegations. "Plaintiff also may not change the nature of this suit by adding new, unrelated claims in his amended complaint." Nonetheless, the Court will address this allegation.

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567– 68 (9th Cir. 2005); accord Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997). Mere speculation that defendants acted out of retaliation is not sufficient. Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014) (citing cases) (affirming grant of summary judgment where no evidence that defendants knew about plaintiff's prior lawsuit, or that defendants' disparaging remarks were made in reference to prior lawsuit).

In his complaint, plaintiff summarily concludes that defendants transferred him to Salinas Valley State Prison in retaliation for his filing of inmate appeals. Plaintiff was previously cautioned that in any amended complaint, he would need to allege facts that indicate that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their decision to transfer him to Salinas State Prison. Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir.2009). He was also cautioned that he would need to allege facts to show that his transfer did not advance legitimate penological interests. See id. at 1269. Plaintiff's conclusory allegations are insufficient. A plaintiff suing for retaliation under section 1983 must allege that "he was retaliated against for exercising his constitutional rights and that the retaliatory action does not advance legitimate penological goals, such as preserving institutional order and discipline." Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994). Plaintiff has failed to allege sufficient factual information to state a cognizable claim.

Further, Plaintiff has failed to link any named Defendant at KVSP to the claim of retaliation. To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.  Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must

demonstrate that each defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934. Liability may not be imposed under a theory of respondeat superior, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss, 572 F.3d at 969.

Plaintiff alleges he was placed into the Mental Health Services Delivery System for retaliation for having exercised his right to appeal harassment and denial of his Muslim prayers and sexual misconduct of prison officials at Calipatria State Prison. Plaintiff has failed to link any named defendant at KVSP, rather than some unnamed persons at Calipatria State Prison, to the claim of retaliation. Plaintiff has failed to link any of the named Defendants at KVSP to any alleged wrongful act.

### C. First Amendment—Free Exercise of Religion

Plaintiff asserts, for the first time, that he was denied his religious meals while at Salinas Valley State Prison and during his transfer to KVSP.[2]

"Inmates...retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987) (internal quotations and citations omitted). However, "a prisoner's right to free exercise of religion 'is necessarily limited by the fact of incarceration.' " Jones v. Williams, 791 F.3d 1023, 1032 (9th Cir. 2015) (citation omitted). " 'To ensure that courts afford appropriate deference to prison officials,' the Supreme Court has directed that alleged infringements of prisoners' free exercise rights be 'judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights.' " Id. (quoting O'Lone, 482 U.S. at 349, 107 S.Ct. 2400.) "The challenged conduct 'is valid if it is reasonably related to legitimate penological interests.' " Id. (quoting O'Lone, 482 U.S. at 349, 107 S.Ct. 2400). "A person

---

[2] Plaintiff was cautioned in prior screening orders that he may not add or alter the existing claims. Nonetheless, as Plaintiff is preceding pro se, the Court will screen this potential claim.

8

asserting a free exercise claim must show that the government action in question substantially burdens the person's practice of [his] religion." Jones, 791 F.3d at 1031; Shakur v. Schriro, 514 F.3d 878, 884–85 (9th Cir. 2008). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. Holt v. Hobbs, –U.S. –, 135 S.Ct. 853, 862 (2015).

Plaintiff's conclusory allegations fail to state a cognizable claim. Plaintiff fails to set forth facts alleging his sincerely held religious beliefs. He also fails to set forth facts alleging that any denial substantially burdened the practice of his religion, that any denial was not reasonably related to legitimate penological interests or that he did not have alternative means of practicing his religion.

Specifically, as to the named Defendants, Plaintiff fails to link any of the defendants to the denial of religious meals. Plaintiff has failed to link any of the named defendants to the alleged conduct. Therefore, Plaintiff does not state a claim and does not warrant leave to amend.

### D. Appeals Process

To the extent Plaintiff is seeking to impose liability on L.Repp, or anyone else, for denial of his appeals, Plaintiff fails to state a cognizable claim. There are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, Plaintiff may not impose liability on any Defendant simply because that Defendant played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. See Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### IV. Conclusion and Recommendation

Plaintiff's fourth amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards applicable to his claims, and given multiple opportunities to amend, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, based on the foregoing, the Court HEREBY DIRECTS the Clerk of the Court to randomly assign a district judge to this action.

9

Further, for the reasons stated, the Court HEREBY RECOMMENDS that this action be dismissed based on Plaintiff's failure to state a cognizable claim under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE